## MILLER ET UX v. FELKNER ET AL.

1. **Practice: DEMURRER: MOTION TO DISSOLVE INJUNCTION.** A motion to dissolve an injunction having been filed and afterwards a demurrer to the answer, it was not error for the court to first determine the latter, the order of precedence in such case resting entirely in the discretion of the court.

2. ——: ——: ——. Sections 2640 and 2641 of the Code apply only to motions assailing pleadings and have no reference to a motion to dissolve an injunction.

3. **Judicial Sale: JOINT OWNERS: SATISFACTION OF JUDGMENT.** Where, under a mortgage executed by joint owners, a part of the property is sold at judicial sale upon a plan of division prejudicial to the rights of one of such owners, the validity of the sale is not thereby affected and the judgment creditor cannot complain thereof, if the judgment is satisfied by the sale.

4. ———: ———: ———. The owner who has been wronged by the division and sale thereunder may maintain an action against his joint owner for reimbursement.

5. ———: PAYMENT OF JUDGMENT. Where the judgment creditor purchased the property at judicial sale and the judgment debtor paid an amount which, in addition to the bid, equalled the judgment costs and costs of sale: *Held,* that the creditor could not subsequently treat the sale as a nullity and authorize the sheriff to make another levy upon the property.

*Appeal from Pottawattamie District Court.*

THURSDAY, MARCH 23.

THE petition alleges in substance that, on the 13th day of September, 1873, S. W. Williams recovered a judgment for the sum of $3,371.66, and costs, and a decree of foreclosure of a mortgage upon lot number one, in block number nine, in Bayliss' First Addition to the City of Council Bluffs, and an order that so much thereof as might be necessary be sold under special execution to satisfy said judgment. That Williams assigned his interest in the judgment to the defendant Felkner, and on the 5th day of November, 1873, execution was issued on said judgment, and placed in the hands of the defendant, George Doughty, sheriff of Pottawattamie county, who, on said day, levied on the lot aforesaid, and advertised it for sale on the 6th day of December, 1873. That the plaintiff, Annie E. Miller, is the owner of the south half of said lot, and that before nine o'clock, A. M., of the day fixed for the sale thereof, Annie E. Miller, and Isaac A. Miller, her husband, made and delivered to the sheriff a plan of division of the lands levied upon, which plan divided the lot into halves by a line through the center thereof, from east to west parallel with the north and south sides of the lot.

That the defendant, George Doughty, pursuant to notice, offered for sale and sold the north half of said lot to William Felkner, the owner of the judgment, for the sum of $2,500.

That Isaac A. Miller and Annie E. Miller, upon the sale being made of the north half of said lot, paid to the defendant, George Doughty, as sheriff, the sum of $1,015.54, in full

satisfaction of the balance remaining unpaid on the judgment, for debt, interest, costs and costs of sale, and thereupon the said sheriff closed the sale.

That on the 9th day of December, 1873, the defendant, Doughty, as sheriff, under the execution aforesaid, again levied upon the whole of said lot one, and has advertised it for sale on the 10th day of January, 1874. That the judgment has been fully satisfied, and is not a lien upon any part of said lot. The petition prays an injunction restraining the sale.

On the 9th day of January, 1874, the judge of the Circuit Court granted an injunction as prayed.

The defendant answered in substance as follows: That on the 17th day of June, 1868, one S. W. Williams owned the lot mentioned in plaintiffs' petition, and for a consideration of $5,000, sold and conveyed the same to the plaintiff, Annie E. Miller, and to one Eliza F. Stephenson, and that Annie E. Miller and Isaac A., her husband, Eliza F. Stephenson and A. J. Stephenson, her husband, re-conveyed said lot by mortgage to Williams to secure $3,000 of the unpaid purchase money. That the mortgage was foreclosed, the judgment assigned to defendant Felkner, execution issued, and the property mortgaged levied upon and advertised for sale, as alleged in the petition.

That before any appraisement was made, I. A. Miller, Annie E. Miller and E. A. Ayerst, assignee in bankruptcy of the estate of A. J. Stephenson, claiming to act under the provisions of section 3088 of the Code, furnished to the sheriff executing the writ a plan of division, requiring the sheriff to sell the north half of said lot, and afterward, if necessary, to sell the south half thereof. That the appraisement was made in accordance with this plan of division. That at the sale the defendant, Felkner, bid on the north half of said lot the sum of $2,500, and, no one bidding more, the same was struck off to him for that amount, but that he immediately thereafter notified the sheriff in writing that he would not pay said bid, because of certain irregularities and illegalities practiced at the sale, and required the sheriff to re-advertise the lot and

sell the same as a whole, and that the sheriff, in accordance with this notification, re-advertised the lot for sale, but before the time of sale arrived was enjoined from proceeding further. That after the execution of the mortgage aforesaid, about the 19th day of July, 1870, the said Annie E. Miller and Eliza F. Stephenson made an amicable partition of the lot. The said Annie E. Miller and her husband quit-claimed to Eliza F. Stephenson twenty-five feet off of the north side of said lot, and the said Eliza F. Stephenson and her husband quit-claimed to Annie E. Miller the south half of said lot. That this partition was made without the knowledge or consent of the mortgagee, Williams, and his judgment of foreclosure was rendered against the lot as a whole without any reference to the partition.

That since the north half of said lot was struck off to Felkner, defendants have discovered that at the time of the partition the said Eliza F. paid to the said Annie E. $800, the agreed difference in value between the north and south halves of the lot. That since the partition Eliza F. has expended large sums of money in erecting a two-story house on the north half of said lot, and that as between the parties to the partition Annie E. and her husband have no interest in the north half of said lot. That A. J. Stephenson had no interest in said lot except as husband of Eliza F., and that his assignee, Ayerst, had no control over any part of the lot. That Eliza F. Stephenson was not consulted respecting the plan of division, and did not assent thereto, but that she objected to the plan and to a sale thereunder, and notified the sheriff of her dissent before the sale. That the plan of division, appraisement and sale were irregular and illegal, and made with the intent on the part of Ayerst and Annie E. Miller and her husband of working a fraud upon Eliza F. Stephenson, and that Felkner notified Doughty in writing that he would not pay the bid, believing that Eliza F. Stephenson could and would set the sale aside for irregularities and illegalities.

The defendant, Doughty, answering for himself, stated that when Felkner notified him that he would not pay the bid nor accept the property, he tendered to Annie E. Miller the

money by her paid with a view to re-offering the property for sale, and that she refused to accept the same.

Upon the filing of this answer the defendants filed a motion to dissolve the injunction. The plaintiffs thereupon filed a demurrer to the answer. Afterward, on application of plaintiffs, the same was changed to the District Court. The court sustained the demurrer to the answer, overruled the motion to dissolve the injunction, and rendered the injunction perpetual. Defendants appeal.

*Montgomery & Scott*, for appellants.

*Baldwin & Wright* and *Sapp & Lyman*, for appellees.

DAY, J.—I. When the cause came on for consideration in the District Court, appellants insisted that the court should first determine the motion to dissolve the injunction, upon the ground that it was first filed and had been set down for hearing by the Circuit Court. The court refused to first hear the motion to dissolve the injunction, but took up and determined the demurrer to the answer. Of this action of the court defendants complain. This was a matter purely within the discretion of the *nisi prius* court. Besides, one of the grounds of the motion to dissolve was that the answer fully denies and disposes of all the equities in the petition. The natural and proper order was first to dispose of the demurrer and determine whether or not the answer interposed any defense. Sections 2640 and 2641, cited and relied upon by appellants to establish the proposition that a motion must be disposed of before a demurrer, apply to motions assailing pleadings and have no reference to a motion to dissolve an injunction.

*1. PRACTICE: demurrer: motion to dissolve injunction.*

*2. ——: ——: ——.*

II. The demurrer to the answer was properly sustained. Felkner bid off the north half of the lot in question, and by his purchase he became entitled to it. He is in no way concerned with the fact that Mrs. Stephenson did not concur in or assent to the plan of division. That is a matter between her and Mrs. Miller. If a debt, for

*3. JUDICIAL sale: joint owners: satisfaction of judgment.*

which Mrs. Stephenson and Mrs. Miller were jointly liable, has been wholly satisfied out of the property of Mrs. Stephenson, of course she will be entitled to reimbursement from her co-defendant. But that does not affect the validity of the sale. It does not even appear from the answer that Felkner was notified before his purchase that Mrs. Stephenson did not assent to the plan of the division.

Under the decree of foreclosure and the law, it was the duty

5. ——: payment of judgment. of the sheriff, as far as practicable, to sell only enough of the property to satisfy the mortgage. Code, § 3326. The sheriff might, upon his own motion, without any division, have offered and sold the property just as he did. When the balance over Felkner's bid was paid by Annie E. Miller and her husband, the judgment was satisfied, and there was no authority to proceed further under the execution. Section 3089 of the Code provides that "when the purchaser fails to pay the money when demanded, the plaintiff or his attorney may elect to proceed against him for the amount; otherwise the sheriff shall treat the sale as a nullity, and may sell the property on the same day or after a postponement as above authorized." But in this case an amount more than sufficient to pay all the costs was paid by the judgment defendants, and the property was bought by the judgment plaintiff. No money was to be paid by him. Nothing was to be done but to enter satisfaction of the judgment. Felkner had no right to determine that the sale was illegal, nor to call upon the sheriff to determine that fact. This is a judicial, not a ministerial, act. The bid of Felkner and what was paid by the Millers, having amounted to the whole sum of the judgment, interest and costs, the sheriff was not authorized to make a further levy upon the property. The injunction was properly made perpetual.

Affirmed.