## DOWNARD v. CRENSHAW ET AL.

1. **Execution**: WHEN A SECOND CANNOT BE LEVIED. Where an execution has been levied upon real estate, such levy must be disposed of by a sale or abandonment thereof, or set aside by a court, before a second execution can issue, except as provided in section 3086 of the Code.

2. ———: JUDICIAL SALE: WITHDRAWAL OF BID. Where property has been sold at judicial sale to the execution creditor, he cannot afterward withdraw his bid, and treat the sale as a nullity, except with the consent of the execution debtor.

*Appeal from Iowa Circuit Court.*

WEDNESDAY, OCTOBER 23.

ACTION in chancery. There was a decree dismissing plain-

tiff's petition, and he appeals. The facts are stated in the opinion.

*C. Hedges,* for appellant.

*D. H. Wilson* and *John Miller,* for appellees.

SEEVERS, J.—The defendant Crenshaw recovered a judgment against the plaintiff, upon which an execution was issued

1. EXECUTION: when a second cannot be levied.

and levied by the defendant Gardner, as sheriff, upon certain real estate which he afterward offered to sell, and the defendant Crenshaw, being the highest bidder, the same was struck off to him. Within an hour or two thereafter the sheriff was informed by Crenshaw's attorney that he withdrew his bid, having discovered the property was incumbered so that it was not worth the amount of the bid. Thereupon the sheriff made the following return of the execution: "That in pursuance of said notice I did, on the 29th day of October, A. D. 1875, at two o'clock in the afternoon of said day, that being the time appointed for said sale, at the front door of the court house in said town of Marengo, expose to sale at public outcry the property aforesaid, to the highest bidder, for cash, and then and there sold the real estate hereinbefore described to B. F. Crenshaw, for the sum of four hundred and forty-five dollars and eighteen cents, he being the highest and best bidder therefor; the same having been bid in by D. H. Wilson, for plaintiff, who declared his bid withdrawn at 4:15 in the afternoon, or 3:55 sun time at Marengo, and I now return this with my doings in the premises."

Subsequently, and after the commencement of this action, another execution was issued on said judgment, and levied by Bolton, then sheriff, who is made a defendant, upon other real estate which was sold to Crenshaw. This is made to appear by an amended petition. The original petition asked that by proper decree the judgment be declared satisfied upon the first sale, and the amended petition asked that the last

sale be declared void, and the sheriff enjoined from executing a certificate of purchase.

The testimony shows that the property first sold was largely incumbered, and the evidence as to its value is conflicting, but we think the preponderance of the testimony is in favor of the proposition that it is not of sufficient value to satisfy the amount of the liens and amount for which it was struck off to the defendant.

There is some testimony tending to show that plaintiff represented that the property was free from liens, but we are unable to say the preponderance is in favor of this proposition. If it could be so said we do not think it would change the result at which we have arrived.

It will be noticed that the sheriff making the sale under the first execution merely states in his return the facts, and does not pretend to determine whether the sale was valid, or that he acquiesced in the withdrawal of the bid, and there is no testimony except the return on this subject. It is alleged in the answer that the plaintiff acquiesced in the withdrawal of the bid, but there is no testimony sustaining this allegation. The amount bid for the property sold under the first execution was sufficient to satisfy the judgment. Such being the facts, what is the law of the case?·

I.  Conceding the plaintiff had the right to withdraw his bid, and that there was no sale under the first execution, the question is, could a second execution issue and be levied on other property until the first levy was, in some legal manner, disposed of?

If there was no sale, then the return of the sheriff amounted to a return of "no sale for want of bidders." In such case another execution may issue "commanding the officer to sell the property, describing it as previously levied on, to which a clause may be added that if such property does not produce a sum sufficient to satisfy such execution the officer shall proceed to make an additional levy, on which he shall proceed as on other executions, or the plaintiff may, in writing, filed with

Downard v. Crenshaw.

the clerk or justice, abandon such levy upon paying the costs thereof." Code, § 3086. The mode contemplated in this section was not adopted, but a second execution was issued without an abandonment of the first levy, and wholly disregarding it.

The form or mode of procedure for the purpose of subjecting real estate to sale under executions is purely statutory, as no such proceeding was known to or recognized by the common law. Herman on Executions, § 190. Among the steps required by statute is a levy on or seizure of the particular property, whether it be real or personal. Code, § 3044.

The lien of the judgment constitutes no right or property in the real estate itself. The levy amounts to a seizure of the particular property, and constitutes a mode of effectuating the lien. Herman on Executions, § 193.

The sheriff, in making the levy under our statute, is presumed to stand indifferent between the parties, and acts as the agent of both. In the case at bar, however, the first levy was made with the consent of the execution creditor, or his agent and attorney, Wilson. The latter testifies: "I took that property and levied on it to accommodate Mr. Downard, because the other he claimed as his homestead. I levied without any knowledge of liens; in fact I asked him and he told me they were free."

In *Hopkins v. Chambers*, 7 Mon., 257, it was held when land had been levied on under an execution that no subsequent execution could issue while the real estate "seized under the first remained undisposed of and subject to that execution;" and the same was held to be the rule in *Arnold v. Fuller*, 1 Ohio, 203. To the same effect is *McWilliams v. Myers*, 10 Iowa, 325. None of these decisions are made to depend on any statute. Since *McWilliams v. Myers* was determined, section 3086 of the Code has been enacted, and it is substantially in accord with the ruling in *McWilliams v. Myers*, and provides a remedy therefor which did not previously exist.

We conclude, therefore, where real estate has been levied on under an execution that such levy must be disposed of by

a sale or abandoned, as provided by statute, or set aside by a court, before a second execution can issue, except as provided in section 3086 of the Code, and other property levied on and sold. It follows that the second execution, and all proceedings thereunder, must be set aside.

II.   Did the sale in question amount to a satisfaction of the judgment? It is unnecessary to determine whether the sheriff has the power to permit the withdrawal of a bid, after a sale has been made, or not, because there is no evidence so tending. The Code, § 3089, provides, in case the purchaser fails to pay the money when demanded, the plaintiff or his attorney may elect to proceed against him for the amount; otherwise the sheriff shall treat the sale as a nullity. This section excludes the thought that the sheriff, on his own motion, can either repudiate or confirm the sale in such case. In the case at bar the plaintiff in execution is the purchaser, and no money except costs was to be paid, and it would seem that in such case the execution debtor, and not the sheriff, should have the right to elect whether the sale should be regarded as abrogated or not.

*2. ——; judicial sale: withdrawal of bid.*

Be that, however, as it may, it is beyond question that it requires the assent of two minds before a sale can be regarded as consummated. The plaintiff never assented that the sale should be abandoned. That one was made is agreed on all hands, and only one of the parties thereto consents that it should be rescinded. If the sheriff had the power to agree that the sale should be abandoned, he has not done so. At most, he is passive. Something more than this is required before a contract can be regarded as rescinded. It is quite evident the sheriff did not assume the responsibility of determining the question and thus incurring liability, but stated the facts, and left it to the law to decide.

The fact that the property was incumbered by liens to nearly or quite its full value is immaterial, for in sales of this character the rule *caveat emptor* applies with full force.   Rorer

on Judicial Sales, 338–9; *Dean v. Morris*, 4 G. Greene, 312; *Miller v. Felkner*, 42 Iowa, 458.

It follows that the sale under the first execution amounted to a satisfaction of the judgment. The decree of the Circuit Court is reversed, and the cause remanded for further proceedings in accord with this opinion; or, if the plaintiff so elects within thirty days from the filing of this opinion, he may have a decree in this court.

REVERSED.