### REESE v. DOBBINS.

1. **Judicial Sale**: FAILURE TO PAY COSTS.  Where the plaintiff in execution is the purchaser at judicial sale, and fails to pay the costs in the case, the sheriff may treat the sale as a nullity, and adjourn it to another day.

2. ———: ADJOURNMENT.  The fact that there is one more adjournment than is authorized by the statute, and that the time is extended beyond the period therein fixed, constitutes a mere irregularity, which can only be taken advantage of upon a showing of prejudice therefrom.

*Appeal from Mills Circuit Court.*

FRIDAY, JUNE 6.

JOSEPH DOBBINS being indebted to the plaintiff, Thomas Reese, executed to him a mortgage upon certain real estate to secure such indebtedness.  After the execution of said mortgage Joseph Dobbins conveyed said real estate to the appellant, William Dobbins, by a deed with covenants of general warranty.

At the November Term, 1877, of the Mills Circuit Court, a judgment was rendered against said Joseph Dobbins upon a note secured by said mortgage, and a decree of foreclosure was duly entered.  Special execution was issued for the sale of the mortgaged property.  The execution was levied upon

the property, and the same was duly advertised for sale. The sheriff's return to the execution shows that the following proceedings were had in reference to a sale:

"On the 22d day of June, 1878, at 1 o'clock P. M., that being the time set for said sale, I offered said property for sale at public outcry, and Thomas Reese, plaintiff, being the highest and best bidder therefor, for nine hundred and fifty-one dollars and ninety-two cents. Purchaser failing to pay amount bid, sale was adjourned till Tuesday, June 25, 1878, and on that day, there being no bidders, sale was again adjourned until Wednesday, June 26, 1878; and on that day, for want of bidders, again adjourned to June 29, 1878; and on Saturday, June 29, 1878, the property above described was by me offered and sold to Thomas Reese, plaintiff, for the sum of one thousand three hundred and seventy-four dollars and eighty-one cents. There being no bidders for any part thereof the property was sold in bulk. All of the above adjournments were made until 1 o'clock of the dates there named."

Afterward William Dobbins filed a motion in the court below, in which he alleged that there was no lawful adjournment of said sale, and that the first sale made on the 22d day of June was a legal and valid sale, and could not be abandoned by the sheriff and the plaintiff, as was sought to be done; that it is the purpose of said William Dobbins to redeem the land from the sale made on the 22d day of June; that he will be unable to do so if the last pretended sale is held good.

Upon the hearing of this motion parol evidence was introduced by both parties. The court overruled the motion. William Dobbins appeals.

*Hale, Stone & Proudfit,* for appellant.

*Watkins & Williams,* for appellee.

ROTHROCK, J.—That Reese, the plaintiff in execution, re-

fused to comply with the bid made by him on the 22d day of June, and that the sale, upon such refusal, was publicly adjourned, is not denied. There is a conflict in the evidence as to the time the adjournment was announced. It was, however, before 4 o'clock P. M., and we think the court below was justified in finding from the evidence that it was within a very short time, say not to exceed half an hour, after the property was bid off. It appears from the evidence that Reese refused to comply with his bid because by oversight he had not bid enough to cover the whole mortgage debt, a part thereof being not yet due.

1. JUDICIAL sale: failure to pay costs.

It is the policy of the law, and certainly should be desirable, both to debtor and creditor, that sales of property in satisfaction of debts should bring as much as possible, and courts should disregard mere irregularities in order to attain that end. Joseph Dobbins, the mortgagor and judgment debtor, is not seeking to set aside the last sale and hold the first good. It is not his interest to do so. By the first sale a large part of his debt was left unpaid, but by the final sale his debt is fully discharged. William Dobbins purchased the land with the mortgage lien upon it, and, as it appears to us, he is seeking some technical advantage by which he may redeem for much less than the mortgage debt.

Section 3089 of the Code provides: "Where the purchaser at sheriff's sale fails to pay the money when demanded, the plaintiff or his attorney may elect to proceed against him for the amount; otherwise, the sheriff shall treat the sale as a nullity, and may sell the property on the same day, or after a postponement, as above authorized."

It is urged by counsel for appellant that the statute can have no application where the plaintiff in execution is the purchaser, because he is not required to pay the amount of his bid, but the same is to be credited on his judgment.

It is true he may not be required to pay that part of the purchase money which should be credited on the judgment, but he must pay the costs. It appears from the record in this

Reese v. Dobbins.

case that when the execution was issued the costs amounted to one hundred and nine dollars and seventy-five cents. To this must be added the costs upon the execution, which is no inconsiderable amount. Now, we have no doubt that, under this statute, if the plaintiff in execution bids off property, and refuses to .pay the costs, the sheriff may treat the sale as a nullity and postpone the sale to another day.

It appears that William Dobbins was present at the first sale, but had gone away before the adjournment was announced by the sheriff. His counsel was advised of the adjournment shortly after it was made, and the subsequent adjournments appear to have been made by some arrangement between counsel for the respective parties in order that William Dobbins might be personally notified of the time when the adjourned sale would take place. It further appears that he failed to receive such notice in time, and was not present at the last sale. We are unable to see how he was prejudiced by not being present. His presence certainly would not have prevented the land selling for so much as it did, if that had been a desirable result.

We do not regard the fact that there was one more adjournment than is authorized by section 3083 of the Code, and that the time was extended beyond the period therein fixed, as more than a mere irregularity, to be taken advantage of only on a showing of prejudice. No such showing is made, but on the contrary we think the court may have fairly found from the evidence that these successive adjournments were made to accommodate appellant's counsel and enable him to notify appellant of the time fixed for the sale. There is nothing in this opinion in conflict with the opinion of this court in *Downard v. Crenshaw*, 49 Iowa, 296. We need not point out the distinction. It is too apparent for discussion.

AFFIRMED.