JOHN HARPHAM, v. W. S. WORTHINGTON AND C. U. BRADFIELD, Sheriff, Appellants.

**Execution Sale:** CANCELLATION: *Construction of statute.* A judgment creditor who has caused execution to be issued, and has bid upon the property levied upon, a larger amount than the judgment and costs, and permits a return on such sale to be made by the sheriff, cannot, by a mere choice, treat the sale as a nullity and issue a second execution, and have other property seized and sold thereunder, even, though it does not appear whether the costs were paid or not.

**SAME:** *Collateral attack of sale.* In an action to cancel a judgment and a levy on and sale of land, it appeared that such judgment had been satisfied by a previous sale of land, under an execution on it, and the second sale was void. It was asked that the judgment be renewed, and made a lien on the land, and that the sheriff be ordered to resell the land, if the court found the second sale void. *Held,* that defendant was not entitled to the relief asked, even if the allegation of the answer was true, without proceedings to set the first sale aside.

*Appeal from Wright District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, DECEMBER 11, 1896.

ACTION in equity to cancel a certain judgment against plaintiff in favor of defendant Worthington, and a levy and sale of certain real estate under an execution issued thereon, and to quiet the title to said real estate in the plaintiff. Decree was rendered in favor of the plaintiff. Defendants appealed.—*Affirmed,*

*McGrath & Bryan* for appellants.

*Peterson & Humprey* for appellee.

GIVEN, J.—I.    There is no controversy as to the facts in this case, and those necessary to be considered are as follows:   On February, 7, 1877, the defendant, Worthington, obtained a judgment against plaintiff, Harpham, for two hundred and sixty-one dollars and twenty-nine cents, with interest at — per cent. per annum, and for twenty-three dollars and sixty-six cents attorney's fees, and five dollars and seventy-five cents costs.   On September 18, 1878, Worthington caused a general execution to issue on said judgment, upon which return was made as follows:   "This execution came into my hands for service on the nineteenth day of September, 1878, at eleven o'clock A. M.; and on the twenty-fourth day of September, 1878, I levied upon the following described real estate, to-wit: The N. W. ¼ of N. E. ¼ of Sec. 10, Tp. 90, range No. 26 west of the 5th P. M., Iowa; and on the twenty-fourth day of October, 1878, I sold said land to W. S. Worthington, for three thousand one hundred and fifty dollars.   N. Malvin, Sheriff."   It does not appear what further, if anything, was done under this execution sale.   On the fifth day of December, 1894, the defendant, Worthington, caused another general execution to issue on said judgment, which was placed in the hands of the defendant, Bradfield, sheriff, for service. The sheriff's returns show that on the sixth day of December, 1894, he levied said execution upon forty acres of land, and, after giving the notices required, did, on the eighth day of January, 1895, sell the same to W. S. Worthington for seven hundred and eighty-six dollars and sixty-four cents, and executed to him a certificate in due form, "and that I have said money now in court to render the said W. S. Worthington as

by this writ I am commanded; and said writ is
returned satisfied in full by said sale."

II.   Plaintiff contends that the first sale was a
satisfaction of the judgment, and therefore asks that
it and the second sale be canceled.   Defendant Worth-
ington contends that the first sale was aban-
doned, and therefore the judgment was not
satisfied, and that he was entitled to the second
execution, and is now entitled to the land under the
sale made on the second execution.   The first sale was
for three thousand one hundred and fifty dollars, an
amount sufficient to satisfy the judgment, and it must
be held to have satisfied it, unless it appears that said
sale was, in some authorized way, set aside.   It does
not appear whether or not the costs were paid under
the first sale, nor whether a sheriff's certificate or deed
was executed in pursuance of it, but it is a familiar
rule that we must presume that the sheriff did what
the law required.   Defendants cite section 3089 of the
Code, providing that, when the purchaser fails to pay
the money, the plaintiff may proceed against him;
"otherwise, the sheriff shall treat the sale as a nullity,
and may sell the property on the same day, or after a
postponement."   They also cite *Reese v. Dobbins,* 51
Iowa, 282 (1 N. W. Rep. 540), wherein it is held that
where the plaintiff in execution is the purchaser, and
fails to pay costs, the sheriff may treat the sale as a
nullity, and adjourn it until another day.   In this case
the sheriff did not treat that first sale as a nullity, and
proceed to sell again, but, by his return, treated it as
a complete sale.   The sheriff having so treated it, we
must presume that the execution plaintiff paid the
costs, and that the sale was in all respects complete.

A plaintiff in execution who bids in the prop-
erty, and permits a return of the sale to be
made, cannot by mere choice, on his part, treat
the sale as a nullity.   If for any cause, he would have

the sale set aside, he must do so by proper proceedings. In *Downard v. Crenshaw*, 49 Iowa, 296, it is said: "We conclude, therefore, where real estate has been levied on under an execution, that such levy must be disposed of by a sale or abandoned, as provided by statute, or set aside by a court, before a second execution can issue, except as provided in section 3086 of the Code, and other property levied on and sold. It follows that the second execution, and all proceedings thereunder, must be set aside." It is further said: "In the case at bar the plaintiff in execution is the purchaser, and no money except costs was to be paid; and it would seem that in such case the execution debtor, and not the sheriff, should have the right to elect whether the sale should be regarded as abrogated or not." With the presumptions that arise from the return on the first execution, we must hold that a complete sale was made; that the judgment was fully satisfied thereby; and that plaintiff is therefore entitled to have the judgment and second sale canceled. Defendants, in their answer, say that said first sale was abandoned; that no transfer of the land has been made; and ask that said judgment be renewed, and made a lien on the land, and that the sheriff be ordered to resell the land, "if the court find that said sale is void." We do find that the second sale is void, and it may be true as alleged, though not proven, that no transfer of the land has been made under the first sale; yet defendants are not entitled to the relief asked merely by electing to abandon a strictly legal sale. Mr. Worthington is not entitled to such relief until, by proper proceedings, he has that first sale set aside.

Much is said in the pleadings and argument as to plaintiff's homestead right in said land, but, in the view we take of the case, it is unnecessary to consider that subject.

For the foregoing reasons, we conclude that the decree of the district court is correct, and it is therefore AFFIRMED.