JASPER JENSEN et al., Appellees, v. G. W. MURPHY et al., Appellees; W. T. GUIHER, Appellant.

MORTGAGES: Foreclosure—Sale Under Excessive Judgment—Junior Lien Holder. A plaintiff in mortgage foreclosure who, in taking judgment against all adverse parties except a junior lien holder, inadvertently took judgment for an excessive amount, and who, on execution sale, bid in the property for less than the amount of his excessive judgment, but for more than the property was worth, and for more than the amount of the judgment to which he was entitled, and who later, on the trial of the deferred issues with the junior lien holder, has his judgment corrected in favor of such lien holder by the amount of the then discovered excess, will not be held personally liable to said junior lien holder for the amount of the excess in his judgment on the theory that plaintiff had collected such excess in bidding in the property. Equity will simply hold plaintiff to his bid, and accord to the junior lien holder the right to redeem by paying the amount of said bid, *less the excessive amount of plaintiff's judgment.*

Headnote 1: 27 Cyc. p. 1659.

*Appeal from Adair District Court.*—W. S. COOPER, Judge.

FEBRUARY 17, 1925.

SUIT in equity, to foreclose a mortgage. All defendants defaulted except defendant Guiher, who was a junior lien holder, and who filed an answer as such. Decree was entered at the trial term as against all defendants other than Guiher, and the cause was continued as to Guiher. The decree ordered special execution as against the other defendants. Execution issued thereon, and the land was sold thereunder, the plaintiff in execution bidding a part of his judgment thereon. Thereafter, a trial was had upon the issues made by Guiher, wherein it was found that the judgment previously entered was excessive, and relief was granted as to Guiher. The decree awarding such relief to Guiher was unsatisfactory to him. He appeals accordingly.— Affirmed.

*John A. & W. T. Guiher,* for appellant.

*Sayles & Taylor* and *Frank B. Wilson,* for appellees.

EVANS, J.—The defendants in the original foreclosure case are fifteen or twenty in number. We include in the title only the first seven thereof, including the defendant Guiher, who alone presented any defense. The foreclosure suit was brought upon a real estate mortgage for $6,500, in which the original plaintiff, Jensen, was the mortgagee, and the defendant Murphy was the mortgagor. The defendants Lundy and Connelly were subsequent vendees of the real estate, who had purchased the same subject to the mortgage. Guiher was a junior mortgagee, who had foreclosed his mortgage, and had sold the property at execution sale under his mortgage, and was the holder of a sheriff's certificate. The plaintiff's mortgage was executed on February 19, 1919. The foreclosure suit was begun in February, 1923. Defendant Guiher's execution sale was had on April 26, 1922. At the trial term, the default of all defendants other than Guiher was entered, and a decree of foreclosure as against all defendants other than Guiher. Guiher having filed an answer and presented an issue, the cause was continued as to him. The judgment entered for the plaintiff was for $8,333. At the execution sale, the administrator of the original plaintiff placed a bid of $7,833, leaving a deficiency judgment of $500,

and a sheriff's certificate was issued accordingly. This was on July 10, 1923. In October, 1923, defendant Guiher filed an amendment to his answer, in which he set up the proceedings had pursuant to the original decree, and in which he averred, in substance, that the decree entered against the principal defendants and in favor of the plaintiff was excessive, and in which he prayed relief against such excessive judgment. In November, 1923, trial was had on the issues as between plaintiff and defendant Guiher. Final decree was entered, as between such parties, in February, 1924; and it is from such decree that the defendant Guiher has appealed. At the trial, it was made to appear without dispute, and indeed was conceded, that the judgment entered in favor of plaintiff, as against the principal defendants, was excessive by the amount of $1,428. It was also conceded that this defendant was entitled to appropriate relief as against such excess. The dispute is confined to the nature of the relief to which the defendant is entitled. The trial court held that this defendant was entitled to relief in one of three forms, at his option. This was expressed by the trial court in the following words:

"The decree should provide that Mr. Guiher may redeem by paying the amount bid by plaintiff, less the amount which the judgment as entered exceeded the amount in fact due. In this event the deficiency judgment will stand, as Lundy is asking no relief, and the funds collected by the receiver will be applied on it. Or, at Mr. Guiher's option, the deficiency judgment may be canceled, in which event the receiver should be discharged, and the amount necessary to redeem will be the amount of the bid less the amount of excess of the judgment, plus the amount of the deficiency judgment so canceled. Or, at another option for Mr. Guiher, the sale will be set aside, and a new sale ordered; in which event the receivership will continue, pending the result of the sale."

The defendant declined to exercise the option; whereupon the court entered a decree awarding to the defendant the right of redemption, and fixing the amount to be paid in redemption at $6,784, and extending the period of redemption for one year from such time, and entering judgment against plaintiff for costs. The contention of the defendant was and is that he was

entitled to the benefit of the bid as made by the administrator of the plaintiff, and that, therefore, he was entitled to recover from plaintiff the sum of $1,428, as the excess over and above the amount due plaintiff, which excess he had, in effect, collected through his bid at execution sale.

We reach the conclusion that the defendant was not entitled to the form of relief claimed by him, and that the relief extended by the court was the relief to which he was equitably entitled. The defendant predicates his argument to some extent upon the theory that the plaintiff had consciously and willfully taken an excessive judgment, and was, therefore, entitled to no equitable consideration. The record does not justify this assumption. It appears that the plaintiff's mortgage came into the hands of his attorneys through the medium of others than the plaintiff. The plaintiff was himself at the time confined to his home by mortal illness, which resulted in his death a few days later. The note contained no indorsements of payment of interest, and the attorneys assumed that none had been paid, and they framed their pleading accordingly. The interest, however, had concededly been paid for three successive years. The attorneys had no opportunity to confer with their client. They received the mortgage just in time to bring the foreclosure in the ensuing term of court. There was no bad faith on the part of anyone, and no insistence upon retaining the excess when the facts were discovered. The mistake arose naturally out of the fact that the plaintiff was being represented by others, who were ignorant of the facts, and was himself under the disability of his illness. The defendant was entitled, therefore, to the correction of the mistake so far as it affected him; and the plaintiff was entitled to the maintenance of all his equitable rights which were entirely consistent with the equitable rights of the defendant. The defendant places reliance upon *Downard v. Crenshaw,* 49 Iowa 296, and *Harpham v. Worthington,* 100 Iowa 313, as authority for his contention. These were cases of controversy between the judgment debtor and the judgment creditor. The defendant overlooks that he, though a party to the action, was not a party to the first *decree,* pursuant to which the execution sale was had. Not being a party to the *decree,* he was not party to the execution sale. The decree was not binding upon him;

nor was the execution sale. The decree neither bound him nor did it bind the plaintiff to him. It had no more effect upon the rights of the defendant than if he had not been *a party to the action.* If he had not been a party *to the action,* his right of redemption could not have been cut off by the decree. Such right of redemption was not in fact cut off by such first decree. If he had not been made a *party to the action,* he could have brought subsequently a suit in equity to redeem. *Redemption* would be the form of relief to which he would be equitably entitled. In such suit, he would be entitled to have adjudicated and fixed the amount due the plaintiff, as a senior lien holder. Upon the trial had as to him in November, he was entitled to trial upon the *same issues,* and was entitled to the *same form of relief.* The plaintiff bid at the sheriff's sale as the judgment creditor. His bid amounted to an offer of credit on his judgment. Granting that it was binding upon him as between him and the principal debtors, it was also binding upon them. It was not binding upon this defendant; nor, on the other hand, could it operate to create a personal liability on the part of the plaintiff to this defendant, as for money had and received. Whatever this defendant's equitable rights were *before* the sale, such they continued to be *after* the sale. His period of redemption did not begin to run until after the entry of decree *against him.* His rights would necessarily be fixed by such decree, and not by the first one. If trial and decree had been had as to him before the sale, the relief to which he would have been entitled would be precisely that which the court awarded him *after* the sale. The prior sale could not operate as an obstacle to such relief; nor can we see any reason why it should operate to change the form of the relief. In short, the relief to which he was entitled at all times, *before* sale and *after* sale, was the protection of his right of *redemption,* subject only to such amount of indebtedness as was superior to his lien. Looking at the question from still another point of view, we reach the same result. The judgment entered by the first decree was not invalid as to any defendant other than Guiher. It was valid as to the principal debtor. It did not exceed the amount claimed in the petition and in the original notice. If, in good morals, it ought to have been corrected as to the principal debtor defendant, yet

it could only be so corrected upon his complaint and showing. No complaint was entered by any defendant other than Guiher. Guiher could protect only his own rights. He could not change the mutual status of the plaintiff and the other defendants. The situation as a whole resolves itself to this: that the excessive amount of the judgment induced an excessive bid. It seems to be conceded in the briefs that the land was worth much less than the amount of plaintiff's bid, and was worth still less than the amount fixed in the decree of the trial court. The appellant's position, in substance, is that the remedy allowed him was, in practical effect, no remedy at all, because the land was worth less than the reduced amount fixed by the court. That is only say-ing, however, that this defendant's right of *redemption* was without value because of the absorption of the security by the superior lien. This defendant's interest was infringed, not so much by the amount of plaintiff's judgment, as by the amount of plaintiff's *bid;* which *prima facie* would fix the amount which this defendant must pay, in order to effect redemption. The decree of the trial court, having protected him at that point, met all the demands of equity.

As between the plaintiff and the other defendants, we have no present concern. There was something approaching auto-matic equity, worked out by the course of events. If good morals charged the plaintiff with an excess of $1,428 in his judgment, ˙ he surrendered it, in practical effect, by his equally excessive bid at the execution sale. In view of the limited value of the secur-ity, the plaintiff got no benefit, in fact, from the excess included in his judgment.

It is worthy of note, also, that the execution bidder was the administrator of the original plaintiff. He was authorized, as such administrator, to collect the judgment and to appropriate the security for that purpose. He had a right, therefore, to offer as large a credit upon the judgment as his judgment dic-tated. He was not authorized to offer more for the land than the amount of such judgment. Such an offer would satisfy the judgment. He was not empowered to *buy the land* by promis-ing to pay more than the amount of his judgment. This con-sideration is entirely consistent with the equities due this de-fendant. The form of relief claimed by this defendant would,    ˙

however, wholly ignore such consideration. Sufficient for the purpose of this case, that this defendant has no interest in that feature of the case.

We reach the conclusion that the decree below should be—
*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.