# Wright's Appeal.

Where a sheriff's vendee pays a part of the purchase-money at the time of the sale, but fails to pay the residue, the sheriff may return the land unsold, and the delinquent purchaser will be liable for the loss on a resale.

If the sheriff in his return omit to state the sum received from the bidder at the first sale, he may, with leave of the Court, after the second sale, amend his return so as to state the fact.

Where the loss on the resale is greater than the sum paid by the first purchaser, the Court may distribute the latter sum among the creditors unless some legal objection be shown.

If there are disputed facts, an issue must be applied for before the distribution, and such disputed facts must be particularly stated.

APPEAL from the decree of the Court of Common Pleas of *Westmoreland county.*

The real estate of William Everhart was sold at sheriff's sale, and John F. Wright, the appellant, became the purchaser at the sum of $25,700. Upon this purchase he paid, at the sale to the sheriff, $400, but failed to pay the residue. The sheriff returned

[Wright's Appeal.]

that, he having failed to comply with the terms of sale, the property remained unsold for want of buyers. At the resale, it was sold to J. K. Moorhead for the sum of $19,800. On application to the Court, an auditor was appointed to distribute the $400 paid by Wright, and the auditor applied it to the judgments against Everhart, which report the Court confirmed. After the deed was acknowledged to the second purchaser, the Court permitted the sheriff to amend his return, by stating the amount which Wright had paid on the first sale, to the allowance of which the counsel for Wright objected.

Errors assigned: 1. The Court erred in confirming the report of the auditor.

2. The Court erred in permitting the sheriff to amend his return.

*Foster*, for appellant.—The 86th section of the Act of 16th June, 1836, only gives the Court power to distribute money, which arises from *a sale* of real estate.

A purchaser may be liable for the difference between his bid and a resale, but not in this summary way. It can only be in an action by the sheriff. Then he could defend himself on the ground that the first sale was void.

The purchase is a contract—the sheriff returning it unsold was a rescission of the contract. He refused to pay—the sheriff, instead of bringing an action in affirmance, agrees to the rescission. In such case the purchaser is entitled to a return of the money paid: 15 *Ser. & R.* 231; 5 *Barr* 282.

There could be no appropriation till the rights of the parties were fixed in a trial by jury.

*Cowen*, for appellees.—There was a contract between the sheriff and Wright, upon which he paid this hand-money. This contract was rescinded by Wright's refusal to carry out the contract. Under these facts he had no claim to have it refunded.

It properly belonged to the creditors. If there were any facts in dispute, they could, on application, have been tried in an issue, for which the Act of Assembly provides.

The opinion of the Court was delivered by

LEWIS, C. J.—Where the sheriff's vendee pays a part of the purchase-money on the day of sale, according to the terms prescribed, but fails to complete the purchase by the payment of the residue, the sheriff may return the land unsold; and on a resale, the delinquent purchaser is in general liable for the difference, if the land at the second sale brings less than the price at which it was struck off at the first.

[*Wright's Appeal.*]

If the sheriff, in returning the land unsold, omits to state the sum received from the bidder at the first sale, he may, with leave of the Court, amend his return so as to state the fact. This amendment may be allowed after the second sale has taken place.

Where the loss on the resale is greater than the sum received on the first, the Court may distribute the latter sum among the lien creditors as money arising from the sale, unless some legal objection be shown. This does not deprive the first purchaser of the trial by jury, because the law provides for an issue in case of disputed facts. But the issue must be applied for at the proper time, and the disputed facts must be particularly stated.

In the case before us, no legal objection to the distribution was shown. Nor was there any application for an issue. The lien creditors are satisfied with the decree. The delinquent purchaser alone objects; and as he appears to be liable for a much greater sum, he has no cause to complain. If he had a right to the money, or to be relieved from liability on his purchase, he has entirely failed to show it.

Decree of distribution affirmed.