# Smith, Appellant, *v.* Wilson.

*Sheriff's sale—Distribution—Loss on resale—Effect of default of mortgagee as purchaser.*

Where real estate, bound by a mortgage and subsequent judgments, is sold under the mortgage, and bid in by the mortgagee, who fails to pay the purchase money, and the land is resold, the auditor appointed to distribute the fund raised by the second sale cannot set off the amount of the mortgagee's default against his mortgage, and pay over the fund to a subsequent judgment to the exclusion of the mortgage.

In such a case the liability of the defaulting purchaser for a loss on a resale of the property is to the sheriff and the action to enforce it must be in his name: Wright's Ap., 25 Pa. 373, and Tindle's Ap., 77 Pa. 201, distinguished.

Argued Oct. 4, 1892. Appeal, No. 14, Oct. T., 1892, by plaintiff, Emily K. Smith, from order of C. P. Clarion Co., Nov. T., 1889, No. 96, distributing fund arising from sheriff's sale of realty, on execution against defendants, Wm. Wilson et al. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Exceptions to auditor's report.

The facts appear by the opinion of the Supreme Court.

*Error assigned,* inter alia, was in not awarding the fund in court to the lien creditors according to their priority on the record.

*Frank R. Hindman,* with him *Thomas M. Henry* and *J. A. F. Hoy,* for appellant.—The lien creditors must take according to their record standing: Freeman v. Husband, 77 Pa. 389; Adams v. Adams, 4 Watts, 162; Gaskell v. Morris, 7 W. & S. 32; Girard Life Ins. Co. v. Young, 8 Phila. 16.

*John W. Reed, Harry R. Wilson* with him, for appellee, cited Tindle's Ap., 77 Pa. 201; Wright's Ap., 25 Pa. 373.

OPINION BY MR. JUSTICE McCOLLUM, January 3, 1893:

The fund in court was produced by a sale of land owned by William Wilson and C. K. Smith as tenants in common and in which their interests were equal. The land was sold upon a mortgage given by them to the appellant. The sale divested all liens. The appellees held judgments against Smith which were liens on his interests prior to the mortgage, but the

mortgage was a first lien on the interest of Wilson. These facts were shown by the deed, and the record of the mortgage and judgments. It appeared that the land had been purchased by the appellant at a former sale on her mortgage, that she refused to comply with her bid and for that reason it was returned unsold. It was struck down to her on the first sale at $2,210 and to W. I. Reed on the second sale for $1,050. It was successfully contended by the appellees in the court below that the whole fund should be awarded to them on the ground that it did not equal the sum they would have received if she had complied with her bid. To this claim the appellant objected that as she was a married woman at the time of the first sale she was not personally liable for the difference between her bid and the sum realized on the second sale ; that if she was so liable it was only in an action by the sheriff, and it was not within the power of the auditor to pass upon the question of liability arising from her failure to pay the bid which was accepted at the first sale.

The fundamental question raised by the contention is whether an auditor to distribute a fund made on a judicial sale of real estate can, for such a default as is alleged in this case, award the fund to a subsequent judgment to the exclusion of a mortgage which is unpaid and a first lien. It seems clear to us that a negative answer must be returned to this question. The lien of the mortgage was not destroyed by the mortgagee's default as a purchaser at the first sale, and the judgment creditors have no claim upon her in consequence of it which can be enforced by an auditor on distribution of the fund realized by the second sale. Prima facie this fund is applicable to the liens in their order and the record is conclusive, unless it is shown that they have been paid, or are maintained by collusion between the parties. The liability of a defaulting purchaser for the loss on a resale of the property is to the sheriff and the action to enforce it must be in his name: Adams v. Adams, 4 Watts, 162 ; Gaskill v. Morris, 7 W. & S. 32 ; and Freeman v. Husband, 77 Pa. 389. The liability for the loss should be established and the amount thereof ascertained and recovered in one suit. If a lien creditor can recover a portion of this loss in a distribution proceeding, by appropriating the fund applicable to the defaulting purchaser's mortgage, can the sheriff

maintain an action for the balance? If the sheriff sues for the whole loss can the purchaser rely on such recovery as a defence pro tanto?· These questions are not material to the decision of this case, but they ·are suggestive of embarrassments and complications which might result from an affirmance of the decree. It appears from the report of the learned auditor and the appellee's brief that Wright's Ap., 25 Pa. 373, and Tindle's Ap., 77 Pa. 201, are supposed to warrant and sustain the decree complained of. But there is a vital and plain distinction between these cases and the case at bar. In the former the contest was on the distribution of money paid to the sheriff on account of the bid at the first sale, and between a lien creditor and the defaulting purchaser as such, while in the latter it is on the distribution of the fund realized by the second sale and between the judgment creditors and such purchaser as the owner of a mortgage lien. In the cases cited the defaulting purchaser, who was not a lien creditor, claimed the money which he voluntarily paid on account of his bid, and as the money so paid did not exceed the loss on the resale, for which he appeared to be liable, it was awarded to the liens in their order. In this case the dispute relates to the distribution of the fund realized on the second sale and is between lien creditors. In our view of the case as now presented, one half of this fund is applicable and should be awarded to the appellant's mortgage. The question of liability for the loss as affected by her coverture needs no consideration at this time. If such liability exists it affords no ground for disregarding her mortgage in the distribution.

Decree reversed at the cost of the appellees and record remitted with direction to enter a decree in accordance with this opinion.