## T. D. Hughes, Appellant, *v.* J. H. Miller.

*Sheriff's sale—Sheriff's deed—Acknowledgment—Delivery.*

Acknowledgment of a sheriff's deed without delivery does not vest title in the purchaser.

*Sheriff's sale—Refusal to pay bid—Resale—Measure of damages.*

Where a person purchases real estate at a sheriff's sale, and upon demand and tender of a duly executed and acknowledged deed refuses to pay the purchase money, and thus renders a resale necessary, he is liable for the difference between his bid at the first sale and the amount realized by the second sale.

*Sheriff's deed—Refusal to pay bid—Power of court to vacate sheriff's deed.*

Where a purchaser at a sheriff's sale refuses to accept a sheriff's deed which has been duly acknowledged, the court has power to strike off or vacate the acknowledgment of the deed, and the purchaser cannot be heard to complain that such action was taken.

The practice of presenting sheriff's deeds for acknowledgment before the purchase money is paid or adjusted in any way should not be encouraged; but, the power of the court to strike off or vacate an acknowledgment that has been improvidently taken or when the purchaser refuses to pay the purchase money and accept the deed cannot be doubted.

Argued April 19, 1898. Appeal, No. 62, Jan. T., 1898, by plaintiff, from judgment of C. P. Blair Co., June T., 1895, No. 174, on verdict for defendant non obstante veredicto. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit by sheriff to recover loss occasioned by resale of real estate.

At the trial it appeared that James Judge, a resident of the city of Altoona, Pa., died June 1, 1886, intestate, seized of a house and lot in said city, and leaving to survive him a widow, Mrs. Alice Judge, and a daughter, Ella, who was then about seven years of age. Letters of administration on the estate were granted to David Koch, Esq., October 5, 1886. Under the decree of the orphans' court, the administrator negotiated a loan of $600 for the payment of debts, and secured it by mortgage upon the lot, dated December 16, 1886. This mortgage was foreclosed, and a writ of levari facias issued on the judgment, to No. 170, October term, 1893, under which the mortgaged premises were sold by the sheriff, T. D. Hughes, Esq., to J. H. Miller, the defendant, for $2,525. The terms of sale were cash. The defendant failing to pay the purchase money, the sheriff duly executed and acknowledged the deed, tendered it to the purchaser, and demanded payment. Payment still being refused, upon application of the sheriff to the court, the acknowledgment of the deed was taken off. On resale the property brought $1,100. Other facts appear by the opinion of the Supreme Court.

The jury returned a verdict for plaintiff for $1,745.62. The court reserved the question of law set out in the opinion of the Supreme Court. Subsequently judgment was entered for the defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*M. M. McNeil* and *H. C. Madden,* of *Heinsling & Madden,* for appellant.—By the contract of purchase the sheriff's vendee acquires an inchoate right: Stoever v. Rice, 3 Wh. 21; Penington v. Coats, 6 Wh. 283; but until payment of purchase money and delivery of the deed duly acknowledged, he is without title or interest: Garrett v. Dewart, 43 Pa. 342 ; Hawk v. Stouch, 5 S. & R. 157 ; Scheerer v. Stanley, 2 R. 276 ; Hall v. Benner, 1 P. & W. 402 : Donnel v. Bellas, 11 Pa. 341; Morrison v. Wurtz, 7 W. 437 ; Stephens's App., 8 W. & S. 186 ; Slater's App., 28 Pa. 169 ; Collins v. Assurance Corp., 165 Pa. 298.

It is held by the courts of some of the other states that until payment of the bid, no title passes to the purchaser: Catlin v. Jackson, 8 Johnson, 520 ; Hardesty v. Wilson, 2 Gill, 481 ; Leach v. Koenig, 55 Mo. 451 ; Ruckle v. Barbour, 48 Ind. 274 ; State v. Lawson, 14 Ark. 114.

Defendant's refusal to pay his bid upon demand of the sheriff forfeited his right to claim execution of the contract of sale, and thereafter he must be considered as consenting to any remedy adopted: Robins v. Bellas, 2 W. 359 ; Girard v. Taggart, 5 S. & R. 31 ; and the revocation of the acknowledgment of the deed accorded with his desire and was in line with his effort to frustrate the sale.

The right to take off the acknowledgment of the deed was within the discretion of the court, and was properly exercised, for the refusal of defendant to pay on demand: Stephens v. Stephens, 1 Phila. 108; Cummings's App., 23 Pa. 509; Shakespear v. Fisher, 11 Phila. 251 ; Jackson v. Morter, 82 Pa. 294 ; Leonard's App., 94 Pa. 180 ; Robins v. Bellas, 2 W. 359 ; Girard v. Taggart, 5 S. & R. 31.

By the contract of purchase the defendant became liable for the price: Negley v. Stewart, 10 S. & R. 207; Robins v. Bellas, 2 W. 359: Banes v. Gordon, 9 Pa. 426 ; Zantzinger v. Pole, 1 Dal. 419; Funk v. Smith, 66 Pa. 27 ; Connell v. Shryock, 167 Pa. 483; Weast v. Derrick, 100 Pa. 509 ; Gaskell v. Morris, 7 W. & S. 32 ; Adams v. Adams, 4 W. 160.

The difference of price on resale of the property is the prima facie measure of damages : Bowser v. Cessna, 62 Pa. 148 ; McCombs v. McKennan, 2 W. & S. 216 ; Andrews v. Hoover, 8 W. 239 ; Tompkins v. Haas, 2 Pa. 74 ; Ashcom v. Smith, 2 P. & W. 211 ; Girard v. Taggart, 5 S. & R. 19.

Notice of intention to resell and hold the defendant liable was not necessary. His liability attached under the contract of purchase and breach: Tindle's App., 77 Pa. 201; Davis v. Baxter, 5 W. 515; Smelting Co. v. Ammonia Co., 2 Pa. Superior Ct. 555; Fire Works v. Polites, 130 Pa. 536; Guillon v. Earnshaw, 169 Pa. 463.

*Edmund Shaw*, for appellee.—After acknowledgment of a sheriff's deed in open court, the title of the sheriff's vendee cannot be affected by mere irregularities, however gross: McFee v. Harris, 25 Pa. 102.

Nor can the sale be set aside without notice to the purchaser and cause shown: Jackson v. Morter, 82 Pa. 294; Evans v. Maury, 112 Pa. 300; Slater's App., 28 Pa. 169; Banes v. Gordon, 9 Pa. 426.

By the return of a sale of land and the acknowledgment of the deed, the title to the land is vested in the purchaser, and the sheriff becomes fixed for the amount bid: Hartman v. Stahl, 2 P. & W. 223; Morrison v. Wurtz, 7 Watts, 437: Connell v. Shryock, 167 Pa. 483.

It was a breach of contract on the part of said T. D. Hughes, as sheriff, to resell the property which had been previously purchased from him by John H. Miller, and without notice or warning to Miller.

A party who dispenses with or prevents performance of a contract, written or verbal, cannot take advantage of the nonperformance by the other party: Groves v. Donaldson, 15 Pa. 128; McCulloch's Case, 1 Yeates, 40; Chadwick v. Patterson, 2 Phila. 275; Jackson v. Morter, 82 Pa. 291.

A contract in writing for the purchase and sale of real estate may be rescinded by parol, or by such conduct of the parties as clearly shows an intention to rescind: Brownfield v. Brownfield, 151 Pa. 565; Ins. Co. v. Young, 8 Phila. 16.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 30, 1898:

The controlling question in this case is whether the plaintiff, as sheriff, was entitled to recover from the defendant the difference between the price for which the house and lot was sold to him at the first sheriff's sale and the sum realized by the second sale.

The property referred to was owned by James Judge, who in 1886 died seized thereof and intestate, leaving to survive him a widow, Alice Judge, and a minor daughter, then about seven years of age. The sheriff's return to the writ on which the first sale was made was: "September 28, 1893, real estate sold to J. H. Miller for $2,525, and tendered him a deed, and demanded the purchase money, the payment of which was refused, when confirmation was taken off and this writ returned for nonpayment of the purchase money." Subsequently the property was resold on an alias writ for $1,100, and duly conveyed by the sheriff to the purchaser who afterwards conveyed the same to Mrs. Judge, the widow. The defense set up was that the parties agreed to a resale in order that the title might be vested in the widow. The learned trial judge properly charged that the parties to said agreement were powerless thereby to bind the minor daughter's estate, and that there was no evidence that the execution creditor assented to a rescission of the contract of sale. "At most, all he did consent to (says the learned judge) was that the confirmation of the sheriff's sale should be taken off, and he should issue a new writ, because he could not get his money by the first writ. And there is no proof that any representative of the minor, who held the fee simple, consented to a rescission."

In this connection it may be stated that as soon as the widow acquired title by deed from the sheriff's vendee under the second sale, she mortgaged the property to secure her indebtedness to the defendant, contracted after her husband's death; and by subsequent proceedings against her that indebtedness was paid, and fully satisfied.

The learned trial judge directed a verdict for plaintiff subject to the question of law reserved, viz: "T. D. Hughes, the plaintiff, as sheriff of Blair county, having duly acknowledged his deed to J. H. Miller, in pursuance of sale made September 29, 1893, and such acknowledgment having been duly confirmed by the court, was such confirmation of such sheriff's deed stricken off by the court with sufficient formality, and after such due proceedings as to notice to Miller as purchaser, as will render Miller liable for the difference in price at a resale?"

This question was determined in defendant's favor, and judg-

ment was accordingly entered for him and against the plaintiff non obstante veredicto. In this, we think there was error; and it evidently arose from the mistaken assumption that acknowledgment of a sheriff's deed, without more, vests title in the purchaser. This overlooks the fact that delivery of the deed is also essential: Collins v. London Assurance Co., 165 Pa. 308. As was said in Hawk v. Stouch, 5 S. & R. 160 : "No right attaches to the purchaser, until he receives his deed." To the same effect is Lodge v. Berrier, 16 S. & R. 299. The defendant's liability in this case sprang from the facts that he purchased the property at the sheriff's sale and, upon demand and tender of a duly executed and acknowledged deed, he refused to pay the purchase money, and thus a resale became necessary ; and the property sold for less than one half the amount of his bid at the first sale: Forster v. Hayman, 26 Pa. 268 ; Tindle's Appeal, 77 Pa. 201. In the face of his refusal to comply with the terms of his contract by paying the purchase money and accepting the deed that was duly tendered to him, he can claim no right under the deed. The action of the court in striking off the acknowledgment was made necessary by the defendant's refusal to perform his contract, and, according to the undisputed facts, it was clearly warranted. As testified to by himself, defendant's object in purchasing at the first sale was to save his own claim. It is very evident that the new arrangement, by which the title was to be vested in the widow, was made after he discovered his mistake in becoming a purchaser at the first sale, and was a further effort to realize the amount of his claim against the widow. That he succeeded in doing ; but he cannot be permitted to do so at the expense of the minor child's estate. Having made it necessary by his own default that the acknowledgment of the sheriff's deed should be stricken off, or vacated, he cannot be heard to complain that such action was taken. He deliberately declined and refused to comply with his contract, and was therefore not entitled to any further notice.

The practice of presenting sheriff's deeds for acknowledgment before the purchase money is paid or adjusted in any way should not be encouraged ; but, the power of the court to strike off or vacate an acknowledgment that has been improvidently taken or when the purchaser refuses to pay the purchase money and accept the deed cannot be doubted.

It follows from what has been said that the judgment must be reversed, and judgment entered for plaintiff on the verdict.

Judgment reversed, and judgment is now entered in favor of the plaintiff and against the defendant on the verdict for $1,745.62, with interest from the date of the verdict.