The Safe Deposit & Trust Company, for use of Chas. B. Payne, Appellant, v. Dr. William T. Miller and Mary E. Miller.

*Sheriff's sale—Resale for less sum—Distribution of fund.*

It is only when no legal objection is shown, the loss on a sheriff's resale being greater than the sum received on the first, that the latter sum may be distributed among the lien creditors as money arising from the sale.

No liability attaching under the peculiar circumstances to the successful

bidder at first sale, by reason of a resale, he is entitled to a return of hand money paid at the first sale less costs.

Argued April 26, 1898. Appeal, No. 168, April T., 1898, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1896, No. 119, discharging rule to show cause why money in the hands of the sheriff should not be paid to the petitioner, W. A. Dunshee. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Petition for rule to show cause why money in the hands of the sheriff should not be paid the petitioner. Before SHAFER, J.

The facts sufficiently appear in the opinion of the court below, as follows :

On this writ, the property described in it, was sold by the sheriff, in April, 1896, to W. A. Dunshee, Esq., for $6,500. The purchaser paid to the sheriff $500 of his bid. Failing to pay the balance, the sheriff returned the writ accordingly, appropriating to costs $46.65, and stating that he held the balance, $453.35, subject to the order of the court. An alias lev. fa. issued to July term, 1896, the sale whereon was set aside by the court. A pluries issued to January term, 1897, which was stayed for some error in the description. A second pluries issued to April term, 1897, on which the property was sold to John A. Shaw, for $1,000, and a deed delivered to him.

Upon petition of Charles B. Payne, Esq., who holds the judgment hereon, for the use of John A. Shaw, a rule was granted on W. A. Dunshee, to show cause why the money, remaining in the sheriff's hands, should not be paid to him, as use plaintiff in the writ, to which Dunshee filed an answer. Pending this rule, the sheriff obtained leave to pay the money into court, and did so. Thereupon, on petition of Mr. Payne, the former rule was discharged, and a rule granted on Mr. Dunshee to show cause why the money in court should not be paid to the plaintiff. By consent of the parties, an order was made that the answer filed by Dunshee to the former rule, should be taken for answer to the present one, and the case having been called for argument, without the taking of any testimony, it was agreed by counsel, that the petition and rep-

lication to original petition of the plaintiff, should be deemed his petition, and the answer of Dunshee to the first petition, his answer to the petition so modified, and that the case should be heard on petition and answer.

It appears by the answer that, after the sale of April, 1896, Mr. Payne consented to delay in the payment of the balance of the bid, provided Mr. Dunshee would pay interest on his mortgage, which Dunshee agreed to do. That afterwards, without notice to him, or demand upon him, the writ was returned, as above stated; that no demand was ever made upon him for the balance of said bid, at any time, before the sale of April, 1897, nor any notice given to him that he would be held responsible for any deficiency; and further, that the property is worth $7,500, and that John A. Shaw, the real plaintiff, has suffered no damage whatever, by reason of the failure to pay the bid.

The sheriff is the proper person to bring an action for unpaid purchase money, for the use of those interested. The money in court, having been paid by Mr. Dunshee, on account of a sale which was never consummated, is the money of Mr. Dunshee, and should be paid back to him, unless he is liable to the sheriff, for the use of the plaintiff, for an unpaid balance of purchase money, in which case, it would be the duty of the court to prevent circuity of action, to apply the money in its hands to the plaintiff's claim.

Under the circumstances of this case, we are of opinion that no action could be maintained by the sheriff, for the plaintiff's use, against Mr. Dunshee, for any balance of purchase money or difference of price.

The respondent has presented requests for findings of fact. As there is no evidence in the case, and the cause is to be determined on the pleadings, we do not understand how any facts can be found, and the requests are for that reason, refused.

Let the rule be discharged.

### SUPPLEMENTAL ORDER OF COURT.

And now, to wit: January 6, 1898, upon motion of J. H. Beal, attorney for W. A. Dunshee, and it appearing that notice of said motion was duly served on Chas. B. Payne, Esq., the use plaintiff, and the said Payne being present in open court, it is

now ordered: that order heretofore made in this case, on January 3, 1898, discharging the rule to show cause why the fund in court should not be paid out to the said Charles B. Payne, for use of A. Y. Shaw, be amended by adding to said order the following, viz: "And it is further ordered, that the fund in this case, now in the registry of the court, be paid out to W. A. Dunshee," and the prothonotary is directed to pay out said money, unless an appeal be taken from this decree, within twenty days from this date.   Plaintiff appealed.

*Error assigned* was discharging the rule.

*Chas. B. Payne*, for appellant.—The rights of those claiming to participate in the proceeds of a sheriff's sale, are to be determined by their status, as shown by the record, at the time of the sale: Douglass's Appeal, 48 Pa. 223 ; Indiana Co. Bank's Appeal, 95 Pa. 500.

Where the loss on the resale is greater than the sum paid by the first purchaser, the court may distribute the latter sum among the creditors, unless some legal objection be shown: Wright's Appeal, 25 Pa. 373.

The court is in possession of the fund, and is charged with its distribution.   It arose from the sale of real estate, on execution.   The statutes require that it be distributed according to law and equity, and the creditor, who was the party injured by the purchaser's failure to comply, was entitled to it in the distribution: Tindle's Appeal, 77 Pa. 201; Smith v. Wilson, 152 Pa. 552.

*J. H. Beal*, with him *R. C. Rankin*, for appellee.—When the money was paid into court by the sheriff, it was then distributed by the court, as shown by Tindle's Appeal, 77 Pa. 201, "according to law and equity."

In such cases it is only because of the liability of the purchaser for the difference between his bid and the price realized at the subsequent sale, that the court can distribute the money to lien creditors.   It was upon this ground that the court acted in Tindle's Appeal.   It is done to prevent circuity of actions, that the money being in court should be distributed, not as the proceeds of a sale, but as damages, to the persons

injured. The court below having found that Dunshee was not liable in damages the decree made necessarily followed.

OPINION BY BEAVER, J., July 29, 1898:

Under the facts so succinctly and clearly stated in the opinion of the court below, based upon the petition, answer and replication filed in this case, we are at a loss to see what claim, either in law or equity, the petitioner had to the fund in court. It is not denied by him that the property which he purchased was worth more than the amount of his judgment nor is it denied that he lost nothing by the failure of the purchaser at the first sale to comply with the terms of his bid. Even if the facts alleged by the purchaser at the first sale in his answer had been denied, the most that the petitioner could have asked for would have been an issue to try the disputed facts. As between the petitioner and the purchaser at the first sale, the fund in court, under the admitted facts, undoubtedly belongs to the latter. The purchaser's judgment is paid and more than paid by the property which he purchased at the final sale.

It is not necessary for us to determine what the result of an action by the sheriff against the first purchaser might have been or what the rights of subsequent lien creditors might be. It is only when no legal objection is shown,—the loss on the resale being greater than the sum received on the first, that the latter sum may be distributed among the lien creditors as money arising from the sale: Wright's Appeal, 25 Pa. 373; Smith v. Wilson, 152 Pa. 552.

Appeal dismissed and decree affirmed.