## Newman v. Altaker.

*Sheriff's sale—Distribution of fund—Payment of taxes.*

1. Where a property subject to taxes is sold in proceedings under a third mortgage, and the purchaser, after paying 10 per cent. of the purchase money, defaults, and subsequently the property is sold again in proceedings under the first mortgage at a price not sufficient to pay the second mortgage debt, taxes and water rent, the holder of the second mortgage has standing to demand that any sum remaining in the hands of the sheriff after the payment of costs in the former proceedings under the third mortgage, shall be applied, in his relief, to the payment of the taxes.

2. In such case, where there are several tax claims, the oldest has priority.

3. There is no justification for the practice of the Department of the Receiver of Taxes for the City of Philadelphia in refusing to accept payments from the sheriff on account of taxes, where the fund is not sufficient to pay the taxes in full.

4. The necessary implication of the provisions of the 23rd section of the Act of May 24, 1921, P. L. 1089, is that the taxes are divested by a judicial sale as respects so much thereof as the proceeds of such sale may be sufficient to discharge.

5. The court will not order the sheriff to pay the proceeds of a sale into court where the amount thereof is very small, but will distribute under a rule, as law and equity shall demand.

Rule to show cause why the sheriff should not be required to pay the taxes due the City of Philadelphia out of a particular fund in his hands. C. P. No. 3, Phila. Co., Sept. T., 1925, No. 14451.

*M. Pestcoe*, for rule; *C. A. Sowers*, contra.

FERGUSON, J., July 1, 1926.—Judgment was entered in this case on a bond and warrant accompanying a mortgage given by Altaker to Newman. The matter proceeded to execution and sheriff's sale in January, 1926, and the property was sold for $3500, the purchaser depositing with the sheriff $350, being 10 per cent. of the purchase money. At the time of the sale there were three mortgages on the property; the first for $7500, held by Annie D. Alexander; the second for $6000, held by a building and loan association, and the third, the one involved in this proceeding.

The first and second mortgages would not have been affected by the sheriff's sale had title passed under the writ. They would, ordinarily, have no interest in the proceeds. The purchaser at the sheriff's sale, however, did not complete the purchase and pay the balance of the purchase money. Subsequently, foreclosure proceedings were instituted upon the first mortgage, and the property was sold in March, 1926, for the price of $10,000. Settlement was made and a deed for the property taken by the purchaser. The sum thus realized is sufficient to pay the costs and the first mortgage debt in full, but not to pay the second mortgage debt and taxes and water rents. It is certain the purchaser at the first sale will not complete the purchase because he will take no title, the lien upon which his title would depend having been discharged by the sale under the first mortgage.

The taxes and water rent due to the City of Philadelphia amount in all to $981.19. There is enough in the hands of the sheriff to pay these taxes out of the fund realized upon the second sheriff's sale, but if those taxes are paid, the second mortgagee will not receive its debt in full.

The present rule is to show cause why the sheriff should not be required to pay the taxes to the City of Philadelphia out of the balance of the fund realized on the first sale remaining in his hands. An answer has been filed by the plaintiff herein, who was the purchaser. The only issue of fact raised is the averment to the effect that the affiant is informed and believes that the sheriff has already paid the taxes out of the proceeds of the second sale.

Newman *v.* Altaker.

This the sheriff declares is not the fact, and we are proceeding to discuss the matter upon the assumption that, in point of fact, the taxes have not as yet been paid.

Ordinarily a mortgagee whose mortgage is not discharged by a sheriff's sale is not interested in the distribution of the proceeds of a sale under a junior encumbrance, but if this rule is not made absolute, it would follow that the taxes would all be paid out of the proceeds of the second sale, and any balance of the sum of $350 remaining in the hands of the sheriff after the payment of costs would be payable to the third mortgagee on account of his judgment, unless other liens have priority. Since we are not informed of any such liens we assume there are none.

The question thus presented is whether or not a holder of an encumbrance not discharged by a sheriff's sale can be heard with reference to the distribution of the proceeds of sale under a junior encumbrance. The answer to the inquiry is plain. If the taxes or any part of them were discharged by the sale under the junior encumbrance, which took place in January, and the payment of those taxes out of the proceeds of the sale on the first encumbrance, held in March, will cause the holder of a second encumbrance a loss, he has standing to be heard.

There is no doubt that if the writ in the January sale was returned "terms of sale not complied with," and an *alias* writ issued on that judgment and a substantial sum was realized on the second sale, the amount paid on the two sales would form one fund for the payment of liens discharged by the sale. Among these would be taxes and water rents. The fact that there is no second sale does not change the character of the deposit of $350 as a fund realized on a judicial sale. If there were no liens against that fund it would be payable to the judgment creditor. If there were liens, such as taxes, those taxes would be discharged and should properly come against the fund. It appears that the taxes and water rent, which would be discharged by the sale if sufficient amount was realized, are:

Taxes for 1926.........................................$288.75
School tax, prior to 1926................................ 164.64
School tax, 1926........................................ 156.75
Water rent, prior to 1926................................ 28.75
Water rent for 1926..................................... 25.00

The sheriff's costs, advertising and commissions amount to approximately $64. There is thus in the hands of the sheriff nearly $300. Whether the sale is complied with or not, the taxes were discharged *pro tanto*. In this connection we are informed that it is the practice of the department of the receiver of taxes not to accept payment from the sheriff on account of taxes, and no settlements are made unless the taxes are paid in full. We see no justification for this custom. The tax department is not clothed with a discretion as to the fund against which it shall present its claim. The necessary implication of the provisions of the 23rd section of the Act of May 24, 1921, P. L. 1089, is that taxes are divested by a judicial sale as respects so much thereof as the proceeds of such sale may be sufficient to discharge them. By the same section it follows that the oldest tax claim has priority. It would seem from the statement of taxes above referred to that the school taxes for years prior to 1926 and the water rent for years prior to 1926 should be first paid out of the fund realized. The residue in the hands of the sheriff should be appropriated on account of the taxes for the year 1926.

Upon the rule which was taken in this case the sheriff suggests the propriety of the payment of this money into court. In view of the smallness

of the fund we deem this inadvisable. The decision in Tindle's Appeal, 77 Pa. 201, seems very closely applicable to the facts of this case.

### Order.

And now, to wit, July 1, 1926, it is ordered and directed that the rule be made absolute to the following extent: That out of the fund in the hands of the sheriff in this case he pay the costs, advertising and his commission, and from the residue he pay the school taxes for years prior to 1926 and the water rent for years prior to 1926, and any residue remaining in his hands shall be appropriated on account of the taxes for 1926. This order is based upon the assumption that the sheriff has not paid any part of the taxes referred to out of the proceeds received on the second execution.