## Western Savings Fund Society of Philadelphia v. Devlin

*John A. Featherman,* for plaintiff.

*Alan B. Portnoff* and *Joseph W. Devlin, p.p.,* for defendants.

MARRONE, J., April 27, 1973.—Anne M. Devlin has filed exceptions to the sheriff's supplemental schedule of distribution in the above matter as has her former husband, Joseph Devlin. The facts leading to the filing of these exceptions are as follows:

1. Anne M. Devlin and Joseph W. Devlin, the same parties as those who have filed the exceptions, were the owners of premises situate in the Township of Westtown, Chester County, Pa., on which there existed a mortgage in favor of Western Savings Fund Society of Philadelphia.

2. On June 28, 1970, a deed was prepared conveying the said real estate from Joseph W. Devlin and Anne M. Devlin, his wife, to Anne M. Devlin, the consideration being $1 "plus love and affection."

3. The deed was recorded in the Office of the Recorder of Deeds of Chester County on September 24, 1971, in Deed Book E-48, 586.

4. On May 17, 1971, prior to the recording of that deed, Western Savings Fund Society of Philadelphia, the mortgagee, foreclosed on the mortgage and filed a praecipe for a writ of execution with the prothonotary. The writ of execution was issued against Joseph W. Devlin and Anne M. Devlin.

5. Pursuant to the writ of execution, a sale of the aforementioned premises was scheduled by the Sheriff of Chester County for September 24, 1971.

6. At the sheriff's sale of the realty, Joseph W. Devlin was the successful bidder, having bid the sum of $37,000. He deposited with the sheriff 10 percent of that amount, or the sum of $3,700.

7. On September 10 and September 21 of 1971, the United States Government entered tax liens against Joseph W. Devlin as an individual taxpayer.

8. On November 30, 1971, an agreement was entered into between Joseph W. Devlin and Anne M. Devlin under the terms of which Anne M. Devlin was to convey to Joseph W. Devlin the premises on which execution had issued and he, in turn, would immediately reconvey the said premises to her.

9. Joseph W. Devlin having failed to pay the bal-

ance of the sum bid at the sheriff sale, the premises were again listed for sale by the sheriff pursuant to the writ of execution and on January 21, 1972, while title to the premises was in Anne M. Devlin, the premises were sold at sheriff sale for the sum of $32,500.

10. Following other legal actions not pertinent to this discussion, the Sheriff of Chester County listed a purported schedule of distribution of the funds of the sale on February 22, 1972, followed by a "supplemental schedule of distribution" on September 14, 1972.

11. The schedule recites that the surplus in the hands of the sheriff be paid to the United States Government.

12. On September 18, 1972, Anne M. Devlin filed her exceptions and on September 25, 1972, Joseph W. Devlin filed his exceptions.

## DISCUSSION

While the schedule and the supplemental schedule of distribution list various lien creditors, the only issue for our determination is the item in the supplemental schedule of distribution which indicates that the sum of $2,885.41 be paid as follows: "To the United States of America. United States of America versus Joseph W. Devlin, 11-20-1970, Federal Tax Lien No. 3832, Tax Lien Docket 2, page 33. (This amount represents the balance of the funds in the hands of the sheriff arising out of the first sale.)"

Anne M. Devlin claims that sum since it allegedly represents a surplus remaining from the proceeds of the sale and she, as the debtor, is entitled to that amount since all lien creditors have been paid. Joseph W. Devlin also makes claim to that amount since, he alleges, it was deposited with the sheriff pursuant to the agreement between him and his former wife. He

further alleges that since she breached the terms of the agreement he suffered a loss of the $3,700 down payment deposited with the sheriff on the purchase of the premises by him at the first sale.

The United States of America was represented in the proceeding and its position was set forth in briefs submitted to this court. The government admits that it had no lien on the real estate. However, the theory of the government is that it did have a lien on the personal property of Joseph W. Devlin and that lien followed the $3,700 paid into the hands of the sheriff.

We need not discuss the standing of Joseph W. Devlin to except to the supplemental schedule of distribution of the sheriff. He was not a lien creditor nor was he a title holder at the time of the sale. This claim, if any, is based on an alleged agreement with his wife and an alleged breach of that agreement by her. As we understand his position, he has no objections to the sum being paid to the United States of America since, of course, this would discharge at least a portion of his tax liability to the government. It would appear that any claim he has is one against his former wife on the contract.

The first issue which this court must decide is whether or not the sheriff acted properly in including the down payment made by Joseph W. Devlin in the schedule of distribution of the proceeds of the second sale. The court is of the opinion that this was proper. The sheriff attempted to treat that amount differently from the proceeds of the second sale by indicating in the schedule of distribution that the amount represented the balance of the funds in the hands of the sheriff arising out of the first sale. We do not agree that there were two separate funds. The total amount of the surplus is less than the down payment made by Joseph W. Devlin, indicating that the price obtained

at the second sale was insufficient to meet the claims of all lien holders and other expenses of sale. We cannot understand the sheriff's position, since, if the original down payment were to be treated separately, the entire amount should have been so treated and not any balance presumably left after other creditors and expenses were deducted from the down payment.

Wright's Appeal, 25 Pa. 373 (1855), is authority for the proposition that where a sheriff's vendee pays part of the purchase money, and on default of payment of the residue, a resale is had, if the loss on the resale exceeds the sum so paid by the first vendee, the same may be distributed as part of the proceeds of the sale. In this case, the original bid price was $37,000. The second bid was $32,500. Obviously, the difference in the sale price exceeded the $3,700 paid to the sheriff by Joseph W. Devlin on September 24, 1971. This amount, therefore, could be added to the proceeds of the second sale and distributed according to law.

The United States Government claims that this $3,700 fund should be treated differently from the proceeds of the sale. It agrees that it had no lien against the real estate which was the subject of the sheriff sale but rather a lien against the personal property of Joseph Devlin. Since we have decided that a down payment made by a vendee at a sheriff sale who subsequently defaults in payment of the residue may be treated by the sheriff as part of the proceeds of the sale, we are of the opinion that the United States Government is not entitled to any amount. Considering only the records at the time of the sale, the lien of the United States Government, as admitted by its representatives, was not enforceable against the property sold at sheriff sale. Thus, the government is not entitled to participate in the balance of the proceeds derived from the sale of those premises.

When the proceeds of a sale upon execution are more than sufficient to satisfy the liens upon a property sold and the costs of sale, it is the judgment debtor who is entitled to the surplus: Act of June 16, 1836, P. L. 755, sec. 92, 12 PS §2669. That being the case, Anne M. Devlin, record title holder at the time of the sale, is the person entitled to the surplus, if any.

## ORDER

And now, April 27, 1973, the exceptions of Joseph W. Devlin to the supplemental schedule of distribution of the Sheriff of Chester County are hereby dismissed and the exceptions of Anne M. Devlin are hereby sustained. The Sheriff of Chester County is hereby directed to make distribution of any surplus, after all charges and expenses, to the said Anne M. Devlin.