Judgment reversed, and <em>procedendo</em> awarded.

## Freeman Assignee, *versus* Husband.

1. Land was sold by the sheriff on the condition that $50 of the bid should be paid when it was struck down, and the remainder in ten days; if not then paid, it might be sold again, and the bidder should pay any deficiency. The bidder failed to comply; the land was exposed under an alias execution, with the condition that $500 was to be paid when struck down; it was sold for a smaller sum than the first bid: *Held*, there was a change of conditions, and the first bidder was not liable for the deficiency.

2. In an action against a purchaser at sheriff's sale refusing to comply with the conditions, for a difference of bid at a second sale, the suit must be in the name of the sheriff.

3. Adams *v.* Adams, 4 Watts 162; Banes *v.* Gordon, 9 Barr 426; Gaskill *v.* Morris, 7 W. & S. 32; Paul *v.* Shallcross, 2 Rawle 326, followed.

February 8th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of January Term 1873, No. 161.

This was an action of assumpsit, brought March 2d 1871, by Samuel T. Freeman, assignee of John Smith, a bankrupt, against William A. Husband. A case stated was afterwards filed, showing the following facts:

John Smith, on the 17th day of July 1869, owned a house and lot, subject to a mortgage of $10,000. Smith was afterward adjudged a bankrupt, and an assignment of all his property and effects was, on the 28th day of August 1869, made to the plaintiff.

On the 4th day of February 1870, a scire facias was issued on the mortgage, and judgment was obtained on the 11th day of March then next.

On that day a levari facias was issued, and the house and lot were advertised for sale by Peter Lyle, Esq., then sheriff, on the 4th day of April 1870, under the following conditions:

"Fifty dollars of the sum at which the property shall be struck off shall be paid to the sheriff at the time of sale; otherwise the property will again be immediately put up and sold. The balance of the purchase-money must be paid to the sheriff, at his office, within ten days from the time of sale, without any demand being made by the sheriff therefor; otherwise the property may be sold again at the expense and risk of the person to whom it is struck

off, who, in case of any deficiency at such re-sale, shall make good the same."

On the said 4th day of April the sheriff sold the house and lot to the defendant, for the sum of $13,000; and the $50 deposit money were paid by him. No further payments being made by defendant, the plaintiff in the execution, after the expiration of ten days from the day of sale, requested him to comply with the terms of sale. Defendant still failing so to comply, the sheriff returned to the said levari facias, as follows:

"I certify that, after giving due and legal notice, I exposed the premises within described to public sale, on Monday, April 4th 1870, and sold the same for the sum of $13,000 to W. A. Husband, and he having failed to comply with the terms of sale, the said premises remain unsold for want of buyers."

On the 19th day of April 1870, an alias levari facias was issued, and the house and lot were advertised by the sheriff for sale, on the 2d of May 1870, under the same terms and conditions as those under which defendant bought, except that a deposit of $500 was required at this sale, instead of $50, as at the first. This change in terms of sale was made by the said sheriff at the request of the plaintiff in the execution, and without the procurement or knowledge of the plaintiff, and without notice to the defendant. On the 2d day of May the property was sold by the sheriff for $12,150. The money due the plaintiff in the execution was paid to him, the surplus paid into court, and an auditor appointed to distribute it. He reported that the plaintiff, as assignee in bankruptcy of John Smith, was entitled to the whole of the surplus; his report was confirmed, and the surplus paid to the plaintiff.

At the second sale, William R. Dickerson, Esq., was present, and prevented from bidding on the house and lot by reason of the notice by the sheriff that the purchaser would be required to pay the sum of $500 at the time of sale. He would have purchased the property at a price equal, or nearly equal, to that at which the defendant had bought. He thought that there was some defect in the title, because of the demand for a deposit of $500.

Should the court be of the opinion that,

1. Under the foregoing facts the plaintiff is entitled to maintain this action; and,

2. That he can, under the facts stated, recover from the defendant; then judgment to be entered for the plaintiff, and against the defendant for $900, with interest from April 4th 1870.

But if the court should be of the contrary opinion, then judgment to be entered for the defendant.

The court entered judgment for the defendant. This was assigned for error on the removal of the record to the Supreme Court by writ of error.

[Freeman *v.* Husband.]

*J. S. Sharp* and *H. C. Alleman,* for plaintiff in error.

*W. H. Ruddiman* and *E. E. Pettit,* for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, February 15th 1875.

On the 4th day of April 1870, certain real estate of John Smith was exposed to sale by the sheriff of Philadelphia county,.upon a writ of levari facias, issued to March Term 1870, and the property was struck down to defendant on his bid of $13,000. The following were the terms under which the property was sold: "Fifty dollars of the price, or sum at which the property shall be struck off, shall be paid to the sheriff at the time of sale, unless the purchase-money shall be less than that sum, in which. case only the purchase-money shall be paid. Otherwise the property will again be immediately put up and sold. The balance of the purchase-money must be paid to the sheriff, at his office, within ten days from the time of sale, without any demand being made by the sheriff therefor, otherwise the property may be sold again at the expense and risk of the person to whom it is struck off, who, in case of any deficiency at such resale, shall make good the same."

The defendant paid the hand-money ($50) but no more. He was requested to comply with the terms of sale, but neglected so to do. The sheriff then made return that the premises remained unsold for the want of buyers. Afterwards, on the 19th of April 1870, an alias levari facias was issued, upon which the same premises were sold to David H. Hess for $12,150. The conditions were so altered at this latter sale as to require $500 to be paid in hand. This action was brought to recover the difference between the defendant's bid at the first sale and the price subsequently obtained for the property. The court below entered judgment for the defendant upon a case stated, containing the facts as above set forth.

Two questions are presented for our solution. First. Can any one but the sheriff who sold the property maintain this action?

Second. Did not the alteration in the terms of sale release the defendant from liability?

We answer the first in the negative, on the authority of the cases of Adams *v.* Adams, 4 Watts 162, and Gaskill *v.* Morris, 7 W. & S. 32, in both of which it was held, that not only should the suit be brought in the name of the sheriff, but that it could be maintained by no other person. The counsel for the plaintiff contends that it might have been amended in the court below, by substituting the name of the sheriff as plaintiff, and that, therefore, we are to treat it as so amended. We will not say that this might not have been done upon proper cause shown, but as the amendment, when made, would not have been merely technical,

[Freeman *v.* Husband.]

and of course, but substantial, involving the rights of a third party, we cannot treat it as if it were now part of the record.

The second question we answer affirmatively. The terms and conditions exhibited at a public sale, are in the nature of a contract with those who may choose to bid or buy at such sale.

In the case in hand, the defendant, by his act of bidding, and permitting the property to be struck down to him, agreed, 1st, to forfeit the $50 hand-money if he did not comply with the terms of sale. 2d. that upon a resale, he would pay the difference between his bid and what the property might bring upon such resale. But if these terms were materially altered upon the resale, he was thereby released; for he cannot be held to conditions that did not form part of his contract.

That the alteration of the terms of sale was material, and that it did affect the price of the property on the resale, is conceded in the case stated. It is therein set forth, "that Wm. R. Dickerson, Esq., was present and prevented from bidding on the house and lot in question, by reason of the notice by the sheriff that the purchaser would be required to pay the sum of $500 at the time of sale. He would have purchased said property at a price equal or nearly equal to that at which the defendant had bought." It is manifest therefore that the responsibility of loss, if any such there is, rests with the sheriff, and not with the defendant.

The doctrine above enunciated is supported by the cases of Paul *v.* Shallcross, 2 Rawle 326, and Banes *v.* Gordon, 9 Barr 426.                                        The judgment is affirmed.