LYMAN UPHAM, Deputy Sheriff, *vs.* HUGH HAMILL.

A purchaser at an execution sale cannot in equity be excused from consummating his purchase because never having attended such a sale before, and not hearing the terms of the sale, he supposed himself to be buying the entire estate in question, and not the "right, title, and interest" of the judgment debtor in it.

ASSUMPSIT. On demurrer to an equitable plea.

*July* 7, 1877. DURFEE, C. J. The plaintiff, who is a deputy sheriff, sues the defendant for refusing to complete his purchase of certain property which was struck off to him at an execution sale. The property was all the right, title, and interest which one Charles Stafford had in certain real estate on the 23d September, 1875, and the 7th October, 1875, being the days when the property was attached on original writ, in the actions in which the executions issued, under which the sale was made. At the time of the attachments the estate was mortgaged for one thousand dollars, and continued under mortgage until after the execution sale. The defendant, who was plaintiff in the earlier action aforesaid, claims that he bid at the execution sale without having heard the terms of sale, if any were announced; and that, having never before attended such a sale, he supposed his bid was to cover the entire estate, and that he would be entitled to the sheriff's deed upon crediting the excess of his bid over the mortgage upon his execution, which he offered to do when the plaintiff tendered the deed. He has set this up in a special plea by way of equitable defence, under the statute. Pub. Laws, cap. 563, § 3, April 20, 1876. The plaintiff has demurred to the plea. The case is before us upon the question whether the defence is good.

If the mistake alleged is to be regarded as a simple mistake of fact, which had the effect of preventing a meeting of the minds of the parties at the sale, it would, in the absence of any matter of estoppel, be a good defence even at law and under the general issue. *Sheldon & Barton* v. *Capron*, 3 R. I. 171. The special plea, however, is not objected to on this ground. The question submitted is, whether the mistake is such as would have entitled the defendant to relief in equity.

The plea shows that the defendant knew of the mortgage, and he must be presumed to have known that, as a matter of law, the plaintiff could sell no more than the debtor's interest in the estate, or, in other words, could only sell the estate subject to the mortgage. Indeed, the plea implies that he knew as much as this, but supposed, notwithstanding, that his bid was to cover the whole estate, and that the amount of the mortgage would be deducted afterwards. It was rather a strange mistake, and one which would have been corrected by reading the advertisement, or by the slightest inquiry. He does not allege that anything was said or done to mislead him. His only excuse is, that he had never before attended an execution sale, and that he did not hear the terms of sale, if any were announced. He does not assert that they were not announced. His mistake, then, was an erroneous supposition, for which nobody was to blame but himself, and which, with the most ordinary care, he might have avoided. If he is released, the result will be that not only his bid, and other bids, if made, but the attachments themselves, will be lost, practically at least, for the plea avers that the property has been sold under the mortgage. Can he be permitted thus to visit upon others the consequences of his own culpable negligence or inattention? Clearly not in equity; for equity does not grant relief to a party on the ground of accident or mistake, if the accident or mistake has arisen from his own gross negligence, or want of reasonable care, and especially if relief to him will harm another. 1 Story's Eq. Juris. §§ 105, 146 ; *Penny* v. *Martin et als.* 4 Johns. Ch. 566 ; *Wood* v. *Patterson*, 4 Md. Ch. 335 ; *Taylor* v. *Fleet*, 4 Barb. S. C. 95 ; *Capehart* v. *Mhoon*, 5 Jones Eq. 178 ; *Kesler* v. *Zimmerschitte*, 1 Tex. 50. The defence set up by the special plea should be treated here as it would be treated in equity. Possibly if the plaintiff were suing

the defendant in equity for specific performance, the court might refuse to enforce the bid, but its refusal would be without prejudice to the remedy at law. *Malins* v. *Freeman*, 2 Keen, 25. We think, therefore, that the special plea must be disallowed, and the defendant must be left to such defences as are available to him under the general issue.                    *Demurrer sustained.*

 *Charles E. Gorman*, for plaintiff.
 *Dexter B. Potter*, for defendant.