THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

THOMPSON B. STELLE.

*Filed at Mt. Vernon June 21, 1882.*

1.   PARTIES—*who may sue—on failure by purchaser at execution sale to make payment.*   An action of assumpsit will not lie in favor of the plaintiff in execution, against a bidder at sheriff's sale under the execution, for failing to complete his purchase by payment of the purchase money, there being no privity between the parties.

2.   The sheriff who makes a sale under execution, alone, can maintain an action against the purchaser for a breach of his contract of purchase.   The sheriff, in making such sale, does not act as the agent of the creditor, but as an officer of the law in performing a legal duty.

WRIT OF ERROR to the Circuit Court of Hamilton county; the Hon. C. S. CONGER, Judge, presiding.

Mr. JOHN C. EDWARDS, and Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. WM. HAMILL, and Mr. T. M. ECKLEY, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

At the January term, 1879, of this court, judgment was rendered against James M. Blades, a defaulting collector of Hamilton county, and the sureties in his official bond, for the sum of $5670.34, in favor of the People of the State of Illinois, in an original suit on said bond, which judgment is still in force and unpaid, except as to the sum of about $270. The sheriff of Hamilton county levied an execution issued on this judgment upon certain tracts of land, and advertised them for sale under the execution.   One forty-acre tract was sold and struck off to Thompson B. Stelle, for the sum of $1200.   The sale was closed, and the sheriff made out the

certificate of purchase as required by law, and tendered the same to the purchaser, who then failed and refused to pay the amount of his bid. The sheriff returned the execution with his indorsement thereon of the facts in relation to the sale. A writ of *venditioni exponas* thereafter was issued out of the office of the clerk of this court, commanding said sheriff to sell said forty-acre tract of land. The sheriff thereupon re-advertised and re-sold said tract of land, one Wilson becoming the purchaser for the sum of $40. This action in assumpsit was then instituted, in the name of the People of the State of Illinois, against Stelle, the former purchaser, to recover the difference between the amount of his bid, $1200, and the amount for which the land subsequently sold, viz, $40, the difference being $1160. To the declaration alleging the foregoing facts the defendant demurred, and the court below sustained the demurrer, and gave judgment for the defendant. The plaintiff brings the case here by writ of error.

We are of opinion that assumpsit does not lie in favor of the plaintiff in execution against the bidder at a sheriff's sale under the execution, for failing to complete his purchase by payment of the purchase money. There is no privity between the plaintiff in the execution and such bidder. It is the sheriff who makes the sale, and the contract for the sale of the estate is made with the sheriff by the purchaser, and the sheriff alone, as we conceive, can maintain an action for the breach of the contract. The sheriff, in making the contract of sale with the bidder, is not acting as the agent of the execution creditor, but as an officer of the law in the performance of a legal duty, the sheriff being the principal himself. These views find support in the following authorities: *Gaskill* v. *Morris*, 7 Watts & Serg. 32; *Adams* v. *Adams*, 4 Watts, 160; *McKee* v. *Lineberger*, 69 N. C. 217.

We think the demurrer to the declaration was properly sustained, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*