## ANTONIO GERARDI vs. JOHN CARUOLO.

### PROVIDENCE—JUNE 5, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Officers.  Costs.  Suit for Costs.*

An action will not lie in favor of an officer' against a judgment creditor to recover costs until the same have been indorsed, allowed, and taxed under the provisions of Gen. Laws cap. 295, §§ 13 and 15, and cap. 247, § 17.

(2)  *Officers.  Service of Executions.  Selling on Credit.*

The duty of an officer charged with the service of an execution under Gen. Laws cap. 257, §§ 4–10, is to sell for cash to the highest bidder who will pay; but he may not sell upon credit and bring suit for the amount of the bid.

ASSUMPSIT.  Heard on exceptions to ruling of District Court, and exceptions sustained.

PER CURIAM.  The plaintiff, a deputy sheriff, served the writ in an action, brought by the defendant against one Ronato Pennachio, by attaching certain of his mortgaged personal property,.which thereafterwards was kept in Pennachio's shop for seventy-nine days, and then placed in storage by the plaintiff.  The action was prosecuted to final judgment and an execution issued in favor of Caruolo, which was levied, upon the property so attached and stored, by the plaintiff, who duly advertised and sold the same at public auction to John Caruolo, judgment creditor named in said execution, for the sum of $175, which was less than the amount of the mortgage upon the same.  The defendant refused and refuses to pay the amount of his bid at the execution sale, and the plaintiff has brought this suit against him to. recover not only the said sum of $175.00, but also the following items:

"Oct. 29, 1 day's keeper's fees..................    4 00
 From Oct. 30 to Jany. 16th, for 79 days' custody fee.  79 00
 Nov. 16th, for carting goods to storage house.....  12 00
 From Nov. 16 to Jany. 16, for storage of goods....  10 00
 Jany. 16, for ·auction fees......................    2 62
 Jany. 4, for advertising fees....................    1 00
 Jany. 4, for 10 days' advertising in Evening Telegram  14 63
 For service of execution.........................     75
 For travel.......................................     20

              $299 20"

Upon the trial in the District Court, the court found that the legal fees and expenses of the plaintiff in the service of the writ and execution amounted to $83.00; that at the execution sale the defendant by his attorney bid the sum of $175.00 for the goods levied upon; that the plaintiff was induced by the defendant and his attorney to leave the place of sale and go to the office of the defendant's attorney to receive payment of the amount of said bid; that said sum was not paid and has not been paid since; that said goods are mortgaged to an amount greater than $175.00. On these findings the court ruled that defendant was indebted to the plaintiff in said sums of $83.00 and $175.00, and rendered decision for the plaintiff for $258.00 and costs.

The court, in summing up, found that the bid was made in the interest of Caruolo and held:—

"1st. That the officer could choose between the carrying out of the sale and suing for the amount bid, or could advertise and resell.

"2nd. That Caruolo was liable for the $175.00, the amount bid at said sale.

"3d. That in the absence of a specific agreement the officer could pursue the plaintiff, and found that there was no specific agreement in this matter.

"4th. That the defendant was liable for all items of costs presented in the bill of particulars of the plaintiff except the items of $30.00 custody accruing between December 1st and December 31st, and the cost of cartage of $12.00, for November

16th, costs accruing before the issuance of the execution which were not included in the execution."

The defendant excepted to these rulings, allowances, and decision, and claims that the court erred in its rulings on the law, and that the decision is contrary to the evidence and should be reversed.

(1)　The action, so far as the items of costs on execution are concerned, was prematurely brought.

Under the provisions of Gen. Laws R. I. cap. 247, § 17, "All bills of cost shall be taxed by the clerks of the respective courts, and, when objected to, shall be revised or approved by one of the justices of the division in which the judgment or order is entered, or by the justice of the district court, when such case is in a district court;" and by chapter 295 thereof, section 13: "The common pleas division of the supreme court or district courts, upon petition made by any sheriff or other officer setting forth the facts on oath, may allow such fair compensation for the keeping of personal property attached and held on mesne process as shall on examination be found to be reasonable;" and by section 15 of this chapter: "Every officer who shall serve any process, civil or criminal, shall indorse thereon the several items which constitute the amount of his fees, and on failure thereof the same shall not be taxed or allowed in any bill of costs, nor be recoverable by law."

(2)　The action will not lie for the amount bid at the auction sale.

The duty of an officer intrusted with the service of an execution is prescribed by Gen. Laws R. I. cap. 257, § 1, as follows: "Every officer to whom a writ of execution or other judicial writ shall be lawfully issued shall execute the mandates contained as commanded, and shall make returns of his doings thereon." And the method to be pursued by him in the levy and sale of mortgaged personal property under execution is provided by said chapter in sections 4 to 10, inclusive, the last section being of the tenor following: "In case such owner shall not redeem them as aforesaid, and in case they be not sold under special order, the officer shall sell the same at public auction to the highest bidder, and in any case if any overplus shall remain after the debt or damages and costs and charges

are paid, the same shall be delivered by the officer to the owner or to any person legally qualified on his behalf to receive the same."

The duty of the officer is to sell for cash to the highest bidder who will pay. If he does not pay it becomes the duty of the officer to sell again, and, in case of loss at the resale, a suit will lie against such bidder in favor of the officer for the loss. But he may not sell upon credit and bring suit for the amount of the bid. Murfree on Sheriffs, §§ 993, 999, and cases cited. Hitchcock N. E. Sheriffs, &c., 2d ed. p. 153.

"There being no price paid for the goods, and no delivery of them, this was not a sale but a mere contract to sell, which the officer was not authorized to make." Parker, C. J., in *Bayley* v. *French*, 2 Pick. at p. 590.

"The duties of a sheriff, in the collection of executions, are pointed out by statute. He is to sell for money, and not for any other pay. He is to sell for cash, to be paid on delivery of the articles sold. Credit is unknown in the statute in sales by virtue of an execution." Williams, C. J., in *Kimball* v. *Perry*, 15 Vt. at p. 419.

For these reasons the exceptions must be sustained.

Case remitted to the District Court of the Sixth Judicial District, with direction to enter judgment for the defendant.

*Howard B. Gorham*, for plaintiff.

*Frank H. Wildes*, for defendant.