STATE BANK OF DEEP RIVER, IOWA, Appellee, v. O. W. BROWN, OLLIE E. BROWN, J. H. COOPER, and FLORA COOPER, Defendants, J. H. COOPER, Appellant.

**Execution sales:** ENFORCEMENT OF BID. No one but a judgment holder or his attorney can proceed under Code, section 4033 against a bidder at an execution sale to enforce payment of his bid; and if neither of these parties act in the premises it is the duty of the sheriff to resell the property.

**Refusal or withdrawal of bid.** A sheriff, for satisfactory reasons, may refuse a bid at an execution sale, or if accepted may permit its withdrawal and resell the property.

**Mortgage foreclosure:** DISPOSITION OF SURPLUS. The owner of land is not entitled to any surplus arising from a sale on foreclosure of a mortgage, until all valid liens against the property are paid.

**Sale in bulk:** VACATION. A sale on mortgage foreclosure of 100 acres in bulk, without being subdivided and offered in separate tracts, may be vacated on proper application.

**Enforcement of bid:** PRIVITY. There is not such privity between the purchaser of property subject to a mortgage which he assumes and the bid made by the mortgagee on foreclosure, as will entitle the purchaser to insist on the acceptance of the bid by the sheriff.

**Agency of sheriff.** In the sale of property under foreclosure of mortgage, the sheriff represents the owner as well as the other parties, and having reported a certain bid and sale as a nullity, neither he nor the owner can afterward enforce the same.

**Withdrawal of bid:** costs. A mortgagee purchasing at his own
sale under a judgment of foreclosure is not required to pay
the costs to be relieved from a bid made by mistake.

*Appeal from Clarke District Court.*— HON. H. M.
TOWNER, Judge.

TUESDAY, OCTOBER 24, 1905.

SUIT in equity for the foreclosure of a mortgage. De-
fendant J. H. Cooper is a purchaser of the land from the
original mortgagors Brown, and it is claimed that, as a part
of the purchase price, he assumed and agreed to pay the
mortgage indebtedness. Such proceedings were had, as that
the case went to decree and the land was sold at sheriff's
sale before the issues between plaintiff and Cooper were
settled and determined. After the sale Cooper filed an
answer and counterclaim, in which he asserted that plaintiff's
debt was fully satisfied, and paid, by and through the sale,
and that a balance remained after satisfying the mortgage
indebtedness to which he (Cooper) as purchaser of the
land, was entitled, and he asked judgment for this amount.
To this plaintiff replied, in effect denying the alleged sale,
pleading a mistake in the bidding, and a want of authority
on the part of the bidder to bind his principal. It also
pleaded that the bidder refused to pay the amount bid, and
that the sheriff thereupon resold the land for a much less
amount than the original bid. The trial court sustained the
second bid, and dismissed defendant Cooper's counterclaim.
Cooper appeals.— *Affirmed.*

*Stivers & Slaymaker,* and *Spurrier & Mills,* for ap-
pellant.

*Temple, Hardinger & Temple,* for appellee.

DEEMER, J.— The issue in the case is a narrow one. It
appears from the testimony that while the action was pend-

ing, and before the issues between plaintiff and defendant Cooper were settled, the case went to decree against the original mortgagors Brown. Thereupon a special execution was issued, and the land covered by the mortgage was advertised for sale. At the appointed time it was offered for sale by the sheriff, and plaintiff in execution, by its attorney, through mistake or a claimed mistake, and without authority, as is claimed, bid therefor the sum of $3,000, which was very much more than the amount due, with costs.

On the following day the attorney, as he says, discovered his mistake, and immediately informed the sheriff of his miscalculation and want of authority in the premises; that his client would not make the bid good, and he asked the sheriff to declare the sale a nullity and to resell the property. This the sheriff did, and the property was again put up and resold to the plaintiff in execution for something like $635. Defendant Cooper learned of the bid of $3,000 the next day after it was made, and he insisted that the sheriff carry out the sale, and compel plaintiff to make its bid good; but this the sheriff refused to do.

This proceeding is in effect an attempt to hold plaintiff to the first bid, and to recover the difference between it and the amount of plaintiff's foreclosure judgment, on the theory that this bid was irrevocable, or if not, that the sheriff had no just grounds for setting the first sale aside and for refusing to hold plaintiff thereto.

Code, section 4033, provides: "When the purchaser fails to pay the money when demanded, the judgment holder or his attorney may elect to proceed against him for the 1. EXECUTION SALES: amount; otherwise the sheriff shall treat the enforcement of bid. sale as a nullity, and may sell the property on the same day, or after postponement as above authorized."

Under this statute it is quite clear we think that no one but the judgment holder or his attorney, which practically means the same thing, may proceed against a bidder at the execution sale, who fails to pay the amount of his bid,

when demanded. If neither of these persons do so, then it is the duty of the sheriff to resell the property. This is a wise provision, for the judgment creditor should not be held liable for the results of a lawsuit which he does not authorize or care to undertake. Moreover, the sheriff should not be required to employ counsel to enforce any bid which may be made and afterwards withdrawn. Again, he should not be made liable for a mistake in judgment as to the responsibility of bidders. Wisely, we think, this matter was left with the holder of the judgment.

But, if wrong in this, the sheriff undoubtedly has some discretion in the matter. For reasons which appear good and satisfactory to him, he may refuse a bid, or, having ac-

**2. REFUSAL OR WITHDRAWAL OF BID.** cepted it, may before the transaction is closed repudiate the same or authorize its withdrawal and resell the property. That our construction of this statute is correct, see *Reese v. Robbins,* 51 Iowa, 282; *Fuson v. Ins. Co.,* 53 Iowa, 609; *Harpham v. Worthington,* 100 Iowa, 313; *Bradley v. Geo. Challoner's Sons Co.,* 103 Ill. App. 618; *Bisbee's Lessee v. Hall,* 3 Ohio, 449.

Appellant's counsel seem to think that the case is ruled by *Downard v. Crenshaw,* 49 Iowa, 299. But a reading of that decision will show that it is distinguishable. In that case the officer did nothing, except to make a return of the facts into court. He did not consent to the withdrawal of the bid, nor did he resell the property. Under such a record we held that a second execution and sale was unauthorized and invalid. This distinction is pointed out in the Reese Case, *supra,* and also in the Harpham Case. Some language used in the opinion in the Downard Case seems to support appellant's contention; but it is pure dictum, and was in no way essential to the conclusion reached.

**3. MORTGAGE FORECLOSURE: disposition of surplus.** Aside from this, there are several reasons why defendant Cooper is not entitled to the relief prayed for by him. He was not entitled to any overplus until other liens against the property were

paid. That there were such liens is clearly shown and practically undisputed.

Again, the land consisted of 100 acres, and it was sold in bulk, without first being subdivided and offered in separate tracts. Such a sale was subject to be set aside on **4. SALE IN BULK: vacation.** proper application, and the bidder was entitled to a certificate which would be free from such an attack. *Boyd v. Ellis,* 11 Iowa, 98.

Cooper was not in privity to the bid made by plaintiff's agent and attorney, and is in no position under the facts disclosed by this record to insist upon the acceptance thereof. **5. ENFORCEMENT OF BID: privity.** This was primarily for the sheriff. If he negligently or purposely failed to perform his duty, he may be held liable to the defendant Cooper in a proper action, but there is no sale here to be enforced, except the last one which was fully consummated before this action was commenced.

It may be, as counsel contends, that equity treats that as done which ought to have been done; but, as something else was in fact done in the instant case, pursuant to a statute authorizing it, there is no room for the application of this maxim. We do not say that an execution debtor or his assignee may not in a proper case bring action to enforce a sale on execution; but this is not one of the cases where he may do so.

The sheriff was an agent for the defendant Cooper, as well as for the other parties, and he in virtue of statutory authority treated the bid and sale as a nullity, and so re- **6. AGENCY OF SHERIFF.** ported to the court. As he could not have enforced the bid, neither may the defendant Cooper. A number of respectable authorities hold that in no event may an execution defendant bring action to enforce a bid at sheriff's sale. See *People v. Stelle,* 103 Ill. 467; *Adams v. Adams,* 4 Watts, 160; *Galpin v. Lamb,* 29 Ohio St. 529; *Armstrong v. Vroman,* 11 Minn. 220 (Gil. 142), 83 Am. Dec. 81; *Laverty v. Chamberlain,* 7 Blackf. (Ind.)

556; *Freeman v. Husband,* 77 Pa. 389; *Roberts v. Westbrook,* 1 Cold. (Tenn.) 115; *Burbank v. Dodd* (Or.) 4 Pac. Rep. 303. To the contrary *vide, Meherin v. Ambrose,* 131 Cal. 681, 63 Pac. Rep. 1084, 54 L. R. A. 272; *Howison v. Oakley,* 118 Ala. 215, 23 South. 810. A few of the cases, holding to the affirmative are in States having the reformed procedure, while some of them are not. We need not at this time decide which is the proper rule for this State, as the sheriff under our statute had the undoubted right under the showing here made to treat the first bid as a nullity and to resell the property. When he did this, there was no other bid to enforce.

Defendant did nothing in reliance upon the first bid, and there are no elements of estoppel in the case. He is seeking a mere technical advantage, and we are disposed to agree with the trial court in its finding that the sheriff had authority under the circumstances shown to accept the withdrawal of the first bid as having been made through mistake and without authority, and to resell the property. If the statute heretofore quoted is to be given any effect, and it must certainly be regarded as controlling, for the entire matter is statutory, it follows that the sheriff had authority to disregard the first bid and to resell as he did.

It is contended, however, that, as plaintiff did not pay the costs of the first sale, it is in no position to rescind. As the property was resold under the first execution, and there 7. WITHDRAWAL was no readvertisement, we do not know what OF BID: costs. costs there could have been which were made unavailing. True, in some of the cases cited in support of this opinion the costs were paid, but this was not regarded as controlling. And we may say that there may be cases where the costs should be paid as a condition to the annulment of a bid; as, for example, where the first sale is set aside and a new bill of costs is made in order to effectuate a sale. But in this case, plaintiff being a purchaser at

its own sale under a judgment in its favor, it was not bound to pay the costs in order to get rid of its bid.

Defendant Cooper might easily have protected himself by bidding at the second sale. His counsel, as we understand it, was present at that sale, but he made no bid. Moreover, defendant Cooper, as the holder of the equity of redemption, could easily have protected himself by redeeming. He is, as it appears to us, seeking to take advantage of a mere technicality. There are no equities in his favor, and the decree must be, and it is, *affirmed.*