Lucille **FITCH**
v.
**Harvey S. FIRESTONE, Jr., et al.**
Civ. A. No. 2412.

United States District Court
D. Rhode Island.
April 17, 1959.

Isidore Kirshenbaum, Providence, R. I., Alfred Factor, Providence, R. I., of counsel, for plaintiff.

Cornelius C. Moore, Newport, R. I., Francis J. Boyle and Arthur J. Sullivan, Newport, R. I., of counsel, for William Lester Carey.

Paul F. Murray, Newport, R. I., for Florence K. Murray, Exec. of Estate of Herbert E. Macauley.

DAY, District Judge.

This is an action brought by Lucille Fitch, a citizen of the State of New York, individually and in her capacity as executrix of the estate of Benjamin F. Fitch, deceased, against Florence K. Murray as executrix of the estate of Herbert E. Macauley, deceased, and William Lester Carey, both defendants being citizens of the State of Rhode Island. Jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the requisite amount.

The pertinent allegations of the plaintiff's amended complaint may be summarized as follows: that during his lifetime the plaintiff and the said Benjamin F. Fitch, her late husband, were the owners of three certain parcels of land situated in the City of Newport, in the State

of Rhode Island; that, prior to the latter's death, an execution issued out of the Superior Court for the State of Rhode Island for the County of Newport on a judgment entered against the plaintiff and her late husband; that the late Herbert E. Macauley, acting in his official capacity as the then Sheriff of Newport County, levied said execution upon said parcels of land, and on October 2, 1953, offered said real estate for sale at public auction; that the said Herbert E. Macauley knocked down and sold all the right, title and interest of the plaintiff and her husband in and to the "Third Parcel", so-called, to the defendant, William Lester Carey, who was the highest bidder therefor, and who then and there made a down payment on account of said selling price to the said Herbert E. Macauley; that subsequently, the defendant Carey refused to complete said purchase; that the said Herbert E. Macauley returned said down payment to him; that the said Herbert E. Macauley wrongfully failed to offer the "Third Parcel" again for sale under the said execution; that subsequently, the holder of a mortgage on said "Third Parcel" foreclosed its mortgage thereon and sold the same pursuant to the power of sale contained therein; and that as a result of the foreclosure as aforesaid and as a result of the failure of the defendant Carey to complete said purchase and the action of the said Herbert E. Macauley in returning said down payment and of his misfeasance and non-feasance in the premises, she has been damaged. The plaintiff further alleges that she is in doubt as to whether the said defendant Carey or the estate of said Herbert E. Macauley is liable for the damages sustained by her under the circumstances, and therefore seeks judgment against both defendants or such of them as shall be determined by this Court to be liable to her.

The matter is now before me upon motions by the defendant Carey to dismiss the plaintiff's amended complaint, to strike said amended complaint, and to drop him as a defendant; and upon identical motions by the defendant Murray.

I shall first consider the motions of the defendant Carey. While they set forth numerous grounds, his counsel in oral argument and in his brief has relied in the main on two contentions, viz.: (1) that plaintiff's amended complaint fails to state a claim against him upon which relief may be granted; and (2) that plaintiff has failed to join an indispensable party.

The plaintiff here seeks to hold the named defendants liable either jointly or in the alternative. Joinder of the plaintiff's claims in a single action is proper under Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Englehardt v. United States, 1947, D.C.Md., 69 F.Supp. 451; United States v. Carolina Warehouse Co., D.C.S.C.1945, 4 F.R.D. 291; see also 3 Moore, Federal Practice, 2d Ed., § 20.06. But Rule 20 (a) is procedural only, and cannot create or alter substantive rights. Lansburgh & Bro., Inc. v. Clark, 1942, 75 U.S.App. D.C. 339, 127 F.2d 331; Gallagher v. Merritt-Chapman & Scott Corp., D.C. N.Y.1949, 86 F.Supp. 10. Thus, in order to maintain this action against both of the defendants, the plaintiff must allege a claim against each of them upon which she may be entitled to relief.

At the outset, it is to be noted that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears with certainty that the plaintiff would not be entitled to relief under any set of facts which could conceivably be proved in support of the claim stated. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Manosky v. Bethlehem-Hingham Shipyard, Inc., 1 Cir., 1949, 177 F.2d 529. For the purpose of a motion to dismiss, the allegations of the complaint must be construed in the light most favorable to the plaintiff. Callaway v. Hamilton National Bank of Washington, 1952, 90 U.S.App.D.C. 228, 195 F.2d 556.

In support of his contention that the plaintiff's complaint fails to state a claim against him upon which relief can be granted, the defendant Carey argues that the judgment debtor has no right of action against a defaulting purchaser at an execution sale. The question thus presented is clearly substantive, and must be decided by me in accordance with the law of Rhode Island. Cf. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 68, 58 S.Ct. 817, 82 L.Ed. 1188. This question has never been decided by the Supreme Court of the State of Rhode Island, and there is no applicable state statute. The problem then becomes one of an informed prophecy as to what the Supreme Court of Rhode Island would probably decide if the issue was presently before it. Mutual Ben. Health & Accident Ass'n v. Cohen, 1952, 8 Cir., 194 F.2d 232. Careful study fails to reveal any *obiter dicta* in the Rhode Island decisions which might be of aid in the solution of the problem.

An examination of the authorities in other jurisdictions establishes that as a general rule the sheriff alone has standing to maintain an action against a defaulting purchaser at an execution sale. Illustrative of the majority view is Galpin v. Lamb, 1876, 29 Ohio St. 529, wherein suit was brought by the judgment-creditor. In sustaining a demurrer to the bill, the Supreme Court of Ohio said at page 534:

> "The contract of purchase is made with the officer as representing all the interests involved in the suit in which the judgment or decree of sale is rendered. He and the purchaser are the only parties to the contract of purchase; and he alone can maintain an action against the purchaser to recover the purchase money * * *."

To the same effect, see Union Trust Co. v. Monroe, 1930, 34 Ohio App. 47, 170 N.E. 369; Burbank v. Dodd, Or. 1884, 4 P. 303; People of State of Illinois v. Stelle, 1882, 103 Ill. 467; Freeman v. Husband, 1873, 77 Pa. 389; Armstrong v. Vroman, 1866, 11 Minn. 220, Gill. 142 (dictum); Roberts v. Westbrook, Tenn. 1860, 1 Cold. 115; cf. Blair Motor Car Co., to Use, v. Mervine, 1943, 50 Pa.Dist. & Co.R. 481; Laverty v. Chamberlain, Ind.1845, 7 Blackford 556.

An exception to this general rule has been carved out in jurisdictions where the sheriff has no right of action against a defaulting purchaser. See, e. g., Adams v. Griffin, 1844, 11 Miss. 556. But this exception can have no application here, because it is clear that in Rhode Island the sheriff may bring an action against a defaulting purchaser. Gerardi v. Caruolo, 1905, 27 R.I. 214, 61 A. 599; Upham v. Hamill, 1877, 11 R.I. 565.

A second exception to the general rule exists in those jurisdictions where persons other than the sheriff are by statute given the right to sue a defaulting purchaser. See, e. g., State Bank of Deep River, Iowa v. Brown, 1905, 128 Iowa 665, 105 N.W. 49. There is no such statutory provision in Rhode Island.

Plaintiff contends that the decision in Meherin v. Saunders, 1901, 131 Cal. 681, 63 P. 1084, 54 L.R.A. 272, wherein the judgment debtor was allowed to maintain a suit against the defaulting purchaser and the sheriff, represents the better view and should be followed by me. In my judgment that case is clearly distinguishable from the instant controversy. There, a check for the entire purchase price had actually been paid to the sheriff. Under the circumstances there was sound basis for the argument that the proceeds of the sale, when received by the sheriff, became impressed with a trust and could not be transferred free and clear of the rights of interested parties. See, e. g., Meade v. Churchill, 1921, 100 Or. 701, 197 P. 1078; Brand v. Williams, 1882, 29 Minn. 238, 13 N.W. 42. In its opinion the Court discusses this aspect of the case and does in fact hold that an equitable assignment was effected by the sheriff's receipt of the proceeds. Meherin v. Saunders, supra, 131 Cal. at pages 690–691, 63 P. at page 1086. However, the Court did not rest

its decision upon this distinction alone; and insofar as its holding is contrary to that in Galpin v. Lamb, supra, and the cases hereinbefore cited, I am unwilling to follow it.

In my opinion there is no reason for me to believe that the Supreme Court of Rhode Island would not follow the general rule which is based upon sound legal principles and supported by the overwhelming weight of authority.

Accordingly, I conclude that the plaintiff has no standing to maintain this action against the defendant Carey, and that his motion to dismiss must be granted. My conclusion in this regard makes it unnecessary for me to discuss either the other motions of the defendant Carey, or the alternative grounds of his motion to dismiss.

The motions of the defendant Murray, as hereinbefore stated, are identical in form to those of the defendant Carey, and are based on the same grounds. The plaintiff's claim against this defendant is, however, based on different legal principles than her claim against the defendant Carey. The amended complaint charges misfeasance and non-feasance on the part of the now deceased sheriff. Upon a motion to dismiss, it is not for me to speculate on the nature or degree of proof which the plaintiff at trial may produce in support of the allegations contained in her complaint. Neither is there any merit in the contention advanced by the defendant Murray that the general treasurer of the State of Rhode Island is an indispensable party to this action. The clear language of 6 General Laws of Rhode Island, 1956, Section 42–29–12 indicates that a party injured by the default, misfeasance or non-feasance of a sheriff or his deputy may bring an action on the sheriff's bond in the name of the general treasurer for his own use *only* after recovering a judgment against the sheriff, his executors or administrators. It is just such a judgment that the plaintiff seeks to recover here. In my opinion the motions by the defendant Murray are without merit and must be denied.

In conclusion, the motions of the defendant Murray are denied; and the motion to dismiss of the defendant Carey is granted, without prejudice to the right of the plaintiff to file an amended complaint against the defendant Murray within ten days from the date hereof.